KENTUCKY FRIED CHICKEN CORPO-. RATION, a Delaware Corporation, Plaintiff-Appellant,

v.

DIVERSIFIED PACKAGING CORPORA-TION et al., Defendants-Appellees,

v.

HEUBLEIN, INC., Movant-Appellant.

No. 76–3059.

United States Court of Appeals, Fifth Circuit.

May 18, 1977.

See also, 5 Cir., 549 F.2d 368; D.C., 376 F.Supp. 1136.

William J. Dunaj, Robert Pondolfi, Miami, Fla., Robert R. Feagin, III, Tallahassee, Fla., Michael J. McGraw, Gen. Counsel, Louisville, Ky., for Kentucky Fried Chicken Corp. and Heublein, Inc.

Burton H. Shostak, St. Louis, Mo., Edward F. O'Herin, Malden, Mo., Philip de V. Claverie, New Orleans, La., for Diversified Packaging Corp.

Before WISDOM, GEE and FAY, Circuit Judges.

WISDOM, Circuit Judge:

This appeal involves a vexatious attempt by losing parties in a Florida district court to relitigate substantially the same issues in a Kentucky district court.

I.

In 1973 Kentucky Fried Chicken (KFC) sued Diversified Container Corporation and Diversified Packaging Corporation in the United States District Court for the Southern District of Florida for unfair competi-

tion and trademark infringement. The defendants counterclaimed alleging antitrust violations. After extended proceedings the court found for the plaintiffs on its claims and against the defendants on their counterclaims. The defendants appealed to this Court. We affirmed the district court decision. *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.,* 5 Cir. (1977) 549 F.2d 368. While they were pursuing their appeal in this Court the defendants, through their alter egos,[1] Portion Control Corporation, Sanford Gubernick, and Gene Mertens, filed suit in the United States District Court for the Western District of Kentucky presenting substantially the same claims they raised in their appeal to this Court. KFC then filed the present proceedings requesting Florida's district court to enjoin the defendants and their alter egos from relitigating the same claims. The Florida district court declined to hold an evidentiary hearing or to grant the injunction. That order is the subject of this appeal.

To give some background, Kentucky Fried Chicken, the owner of ten registered trademarks, instituted the original action seeking an injunction against Diversified Packaging Corporation and Diversified Container Corporation to stop their trademark infringement and unfair competition. The defendants answered and counterclaimed raising issues of (1) conspiracy to impose tying arrangements upon KFC Corporation's franchisees, restricting their sources of supply of trademarked items, (2) fraud on the patent office in the issuance of KFC Corporation's trademarks, (3) misuse of those trademarks in violation of the antitrust laws, (4) conspiracy to monopolize the supply of packaging products, and (5) conspiracy to restrain trade and fix prices.

The defendants dropped all of their counterclaims before trial except the antitrust tying arrangement claim. After extensive discovery, pretrial proceedings, and a trial of five and a half days, the court decided in favor of KFC on its claim of trademark infringement and unfair competition and against the defendants on their defenses and counterclaims. We affirmed this ruling, 549 F.2d 368.

The entry of the district court's judgment did not stop the defendants' sales of infringing products. As a result, the district court held that Gubernick and Portion Control were guilty of contempt by their continuing to sell products bearing Kentucky Fried Chicken Corporation's trademarks and trade name. In the contempt proceedings the court found that Gubernick and Portion Control were the alter egos and privies of the original defendants and that they were bound by the final judgment in the main case. The defendants took no appeal.

After the contempt judgment and after oral argument had been held on the original appeal to this Court, Portion Control filed a new suit against Kentucky Fried Chicken and Heublein, the parent corporation of KFC, in the Western District of Kentucky, again alleging claims against Kentucky Fried Chicken Corporation including (1) conspiracy and action pursuant thereto to impose tying arrangements upon Kentucky Fried Chicken's franchisees restricting their sources of supply of trademarked items, (2) fraud on the patent office in the issuance of Kentucky Fried Chicken's trademarks, (3) misuse of those trademarks in violation of the antitrust laws, and (4) conspiracy and action pursuant thereto to monopolize the supply of trademark packaging products.

An amended complaint filed in the Kentucky court added Gubernick as a plaintiff. The same claims asserted in the Florida district court were reasserted and four new counts were added. The new counts complained that KFC had sought to collect on the Florida district court's contempt judgment by levying attachment in Missouri upon Portion Control stock held by Gubernick and that Gubernick had requested the

---

1. At the time of the contempt judgment, Mr. Sanford Gubernick was president and the only operating officer of both Portion Control and Diversified as well as being a director and shareholder of both corporations. He owns 100 percent of the stock of Portion Control and 50 percent of the stock of Diversified. Gene Mertens was an employee for both companies.

Kentucky district court to enjoin Kentucky Fried Chicken's enforcement of the Florida court's contempt judgment.

Later, Kentucky Fried Chicken and Heublein petitioned the Florida district court for an evidentiary hearing and for ancillary relief in the nature of a supplemental injunction to enjoin Gubernick and Portion Control from relitigating claims in another court and attempting to evade and interfere with the enforcement of the contempt judgment. The district court, without a hearing, denied the motion stating: "[T]he plaintiff seeks an injunction prohibiting the defendants from prosecuting a case in the district court in Kentucky, which suit is alleged to seek relitigation of matters previously litigated in this court. At this juncture it would appear appropriate for this motion to be filed with and considered by the district court in Kentucky for which reason it is ordered and adjudged that plaintiff's motion for ancillary relief be denied".

## II.

We reverse the district court. Most of the issues which were or could have been litigated in the first action are being raised again in the second action. In oral argument before this Court, the appellees conceded this fact. The issues involved in these cases are complicated. The trial judge in the Florida district court is the judge most familiar with what transpired in the initial proceeding and in the contempt proceeding. He is best able, therefore, to determine what claims would be precluded in the Kentucky action. There is no good reason to put KFC to the harassment of an expensive, time-consuming procedure to prove its res judicata or estoppel claims in another court. A great deal of time and money was spent in the initial litigation. The misguided action in the Kentucky district court strikes us as a vexatious attempt to relitigate legal issues already decided. *See Kentucky Fried Chicken*, 5 Cir. 1977, 549 F.2d 368, 391 n. 31, S.D.Fla. 1974, 376 F.Supp. 1136, 1149, n. 1. The contempt finding supports this view. The conscientious trial judge, apparently fearful of de-

priving the defendants of their day in court, when asked to enjoin the Kentucky district court proceeding, did not consider the relevant factors we have noted. *See* 1B Moore's Federal Practice, ¶ 0.408, pp. 956–58.

*Helene Curtis Industries, Inc. v. Sales Affiliates, Inc.*, 2 Cir. 1957, 247 F.2d 940 is analogous to this case. In *Helene Curtis Industries* the Second Circuit reversed the trial court's denial of an injunction when the trial court stated simply that the estoppel claim should be presented to the second court:

> We hold that neither common sense nor precedent relegates the plaintiffs to such small comfort after six years [here three years] of lengthy and expensive litigation in this circuit . . . [T]he decision . . . should have settled matters but now . . . under the cloak of a second patent, Sales Affiliates is attempting to keep the industry in a turmoil by subjecting retailers and manufacturers of these products to infringement suits throughout the country . . .

247 F.2d at 945. We are in accord with the views expressed in *Helene Curtis*. *Cf. U. S. Gypsum v. National Gypsum Co.*, 1957, 352 U.S. 457, 77 S.Ct. 490, 1 L.Ed.2d 465; *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 3 Cir., 130 F.2d 474, *cert. denied*, 1942, 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546; *Columbia Plaza Corp. v. Security National Bank*, 1975, 173 U.S.App.D.C. 403, 525 F.2d 620. The district court's failure to consider the appropriate factors constitutes an abuse of discretion. *Cf. National Benefit Life Ins. Co. v. Shaw Walker Co.*, 1940, 71 U.S.App. D.C. 276, 111 F.2d 497, 507.

We reverse and remand this case to the district court for proceedings consistent with this opinion. If an evidentiary hearing is required to sort out the issues, one should be ordered.

REVERSED AND REMANDED.