TELTRONICS SERVICE, INC., Plaintiff,

v.

L M ERICSSON TELECOMMUNICA-
TIONS, INC., Defendant.

No. 79 Civ. 4513.

United States District Court,
S. D. New York.

March 28, 1980.

Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for plaintiff; Lorenz, Finn, Giardino & Lambos, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant; Richard R. Howe, Richard G. Lyon, Paul P. Colborn, Robinson B. Lacy, New York City, of counsel.

LASKER, District Judge.

L M Ericsson Telecommunications, Inc. (Ericsson) moves under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the complaint on the grounds that this action is barred by res judicata.

### I. The Prior Action

In a prior action, Teltronics Services, Inc. (Teltronics) sued Ericsson, its subsidiary, its parent and Nordic American Banking Corporation (Nordic), alleging that Ericsson's offer to buy 30% of Teltronics stock without filing notice of that offer with the Securities and Exchange Commission violated federal securities laws. After Teltronics' refusal of that offer, defendants allegedly engaged in conduct in violation of the antitrust laws; intended to coerce Teltronics to accept the illegal offer and to eliminate the competition to Ericsson's New England subsidiary that was presented by Teltronics' Boston office. That conduct allegedly included causing Nordic to declare in default loans it made to Teltronics, slowing and stopping of shipments of telephonic equipment which Ericsson supplies to Teltronics and "various unnamed means and other tactics."

Judge Whitman Knapp granted defendants' motion to dismiss the complaint for failure to state a claim:

"Accepting as true all of plaintiff's factual allegations, we are unable to find any provision of the securities acts requiring a filing in the situation above described, or anything that would render defendants liable in damages for their pleaded actions."

*Teltronics Services, Inc. v. L. M. Ericsson Telephone Co.*, 79 Civ. 1233, Slip op. at 2 (May 9, 1979).

## II. The Present Complaint

After the time for appeal of Judge Knapp's decision expired, Teltronics' president, Edward Beagan, learned of a decision of this court in which Judge Owen found to violate Section 1 of the Sherman Act conduct Beagan believed to be similar to that of Ericsson alleged here. *Copy-Data Systems, Inc. v. Toshiba America, Inc.*, 75 Civ. 1368 (S.D.N.Y. June 11, 1979). He forthwith contacted counsel for the prevailing party in that case who were unable to meet with him until after concluding a trial then in progress. On August 27, 1979, Teltronics filed this action, alleging violation of Section 1 of the Sherman Act. In much greater detail than the earlier complaint, Teltronics claims that Ericsson attempted to eliminate the competition presented by Teltronics' Boston office to Ericsson's New England subsidiary. Teltronics alleges that the means used included threats to Teltronics to cause it to cease its competition with Ericsson's subsidiary in Boston, withholding shipments and "support letters" from Teltronics, causing the acceleration of loans owed by Teltronics, and soliciting Teltronics creditors to force it into bankruptcy.

## III. Res Judicata

■ Generally, res judicata bars the relitigation of the same cause of action brought in a prior action between the same parties (or their privies) in which a final judgment on the merits had been rendered. *Herendeen v. Champion International Corporation*, 525 F.2d 130, 133 (2d Cir. 1975).

Teltronics admitted during oral argument that the cause of action alleged here is the same as that dismissed in the prior action.

In support of its contention that res judicata does not attach to the earlier action, Teltronics argues that if a party had not had an opportunity to litigate his claim in the prior action, he is not automatically barred from presenting the claim in a later suit, citing *Menendez v. Saks and Company*, 485 F.2d 1355, 1364 (2d Cir. 1973), *rev'd on other grounds sub nom., Alfred Dunhill of London, Inc. v. Republic of Cuba*, 425 U.S. 682, 96 S.Ct. 1854, 48 L.Ed.2d 301 (1976); *Freeman v. Marine Midland Bank—New York*, 419 F.Supp. 440 (E.D.N.Y.1976), and that since the first complaint alleged nearly exclusively securities law claims and only a brief, general antitrust claim, "Teltronics did not have the opportunity to fully litigate this antitrust claim in the first action." Memorandum in Opposition to Defendant's Motion to Dismiss, p. 55. However, it is clear that Teltronics had ample *opportunity* to present its antitrust claim in the earlier action. The question was addressed in the briefs of both sides submitted on the motion to dismiss, and, as Teltronics acknowledges in its memorandum on this motion (p. 10), Judge Knapp specifically asked Teltronics' counsel during oral argument on the motion to dismiss (transcript p. 8) what facts supported the antitrust claim. Whether Teltronics took full advantage of the opportunity, however, is another question.

■ The determinative issue here is whether Judge Knapp's order dismissed the antitrust claim "on its merits" for res judicata purposes. Federal Rule of Civil Procedure 41(b) provides:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits."

Since the dismissal for failure to state a claim is neither a dismissal provided for by Rule 41 nor one of the exceptions listed, it operates as a judgment on the merits with-

in the literal language of the rule and technically bars this action.

Nevertheless, it does not appear that this was necessarily the intended result of the dismissal of the antitrust claim in the first action. Judge Knapp was never apprised of the facts supporting Teltronics' antitrust claim. Its former counsel who represented it on the earlier motion failed to draw upon facts already established in affidavits and testimony elicited during a hearing on a motion for a preliminary injunction when asked what facts supported the antitrust cause of action. Judge Knapp's brief memorandum granting the motion to dismiss does not refer explicitly to the antitrust claim nor discuss its merits. His decision to dismiss the antitrust claim is consequently best understood as holding only that Teltronics had not alleged facts necessary to state a cause of action under the antitrust laws, and not that Teltronics was incapable of stating such a claim, and there is no reason to believe that upon request he would not have granted permission to replead the complaint. Furthermore, Teltronics' good faith is evident from its promptness in bringing this action after learning of Judge Owen's decision referred to above. Under these circumstances, without affirmative evidence showing that the dismissal was intended to be with prejudice, the order ought not to preclude a presentation of the claim on its merits.

Accordingly, the motion to dismiss is denied.

It is so ordered.