**Oscar ROBERTSON et al.,
Plaintiffs-Appellees,**

**Wilton N. Chamberlain, Appellant,**

v.

**NATIONAL BASKETBALL ASSOCIA-
TION et al., Defendants-Appellees.**

**No. 659, Docket 79–7199.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 21, 1980.

Decided May 16, 1980.

John H. Boone, San Francisco, Cal. (Boone & Knudsen, San Francisco, Cal., Seymour S. Goldberg, Seymour S. Goldberg Law Corporation, Encino, Cal., Peter J. McHugh, Hill, Betts & Nash, New York City, on the brief), for appellant Chamberlain.

Michael A. Cardozo, New York City (Proskauer, Rose, Goetz & Mendelsohn, New York City, Jeffrey A. Mishkin and Ann Cynthia Diamond, New York City, of counsel), for defendants-appellees.

Irwin H. Warren, New York City (Weil, Gotshal & Manges, New York City, James W. Quinn, New York City, of counsel), for plaintiffs-appellees.

Before OAKES, VAN GRAAFEILAND and NEWMAN, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

On July 30, 1976, Judge Carter approved the settlement of an antitrust class action against the National Basketball Association which had been pending in the United States District Court for the Southern District of New York since 1970. *Robertson v. National Basketball Association*, 72 F.R.D. 64 (S.D.N.Y.1976). On June 9, 1977, this Court affirmed the judgment entered on Judge Carter's opinion. *Robertson v. National Basketball Association*, 556 F.2d 682 (2d Cir. 1977). We refused at that time to pass upon the contention of class member Chamberlain that Judge Carter had erred in enjoining him, pending the disposition of

the instant case, from prosecuting a separate antitrust action which he had brought against some of the same defendants in the United States District Court for the Central District of California. Our reason for refusing was that the issue of whether Chamberlain could be permanently enjoined had not yet been argued in the District Court. *Id.* at 687. The question has now been argued below, and in an unpublished opinion dated January 17, 1979, Judge Carter held that the doctrine of res judicata bars the claims asserted by Chamberlain in the California litigation. We affirm.

■ The nature and history of the instant litigation are detailed in Judge Carter's 1975 opinion disposing of various motions, which is reported at 389 F.Supp. 867. Chamberlain's individual grievances concern the reserve or option clause in the two-year contract with the Los Angeles Lakers which he signed in 1971 and the compensation rule which required any other team with whom he might sign after the expiration of his option to compensate the Lakers for their loss. The Lakers had exercised for the 1973–74 year the option available to them under this contract, but Chamberlain refused to play and sat out the year. He contends that thereafter the compensation rule effectively prevented his being signed by other teams in the league, because each team was advised by the NBA Commissioner that if it signed Chamberlain it would have to compensate Los Angeles for the loss of Chamberlain's services during the 1973–74 season. In granting the preliminary injunction, Judge Carter found that "what happened to Chamberlain is merely another variation on the allegedly anti-competitive practices challenged in this lawsuit." *Robertson v. National Basketball Association*, 413 F.Supp. 88, 90 (S.D.N.Y. 1976). In holding the doctrine of res judicata applicable, Judge Carter again found Chamberlain's claim of uniqueness to be without merit. We agree.

The class action, like Chamberlain's suit, attacked the legality of the option clause and the compensation rule, and the class members, as part of the settlement, covenanted not to sue any of the defendants with respect to any of the claims in the complaint, including the option clause and the compensation rule. That the compensation in Chamberlain's case was to be computed so as to take into account the fact that he sat out his option year, does not remove it from the orbit of the challenged rule. The dispute between the parties in both cases involved the concept of the rule, not the manner in which compensation was computed.

We find no merit in appellant's argument that the district court was without jurisdiction to determine the res judicata effect of its judgment in appellant's California action. Appellant's counsel conceded below that *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 552 F.2d 601 (5th Cir. 1977), was "good authority" for the district judge to decide the res judicata issue. Although a concession by counsel cannot confer jurisdiction that does not otherwise exist, counsel in this case was simply making a correct statement of the law. The jurisdiction of courts of equity to prevent relitigation of questions settled as between the parties before the court has long been established. *See Local Loan Co. v. Hunt*, 292 U.S. 234, 239, 54 S.Ct. 695, 697, 78 L.Ed. 1230 (1934); *Root v. Woolworth*, 150 U.S. 401, 411–12, 14 S.Ct. 136, 138–39, 37 L.Ed. 1123 (1893); *cf.* 28 U.S.C. § 2283. Appellant, who authorized the bringing of the class action on his behalf, whose attorney appeared and argued at the settlement hearing, and who has accepted part of the settlement proceeds, can not rightly contend that the district court's judgment had no binding effect as to him.

■ We likewise find no merit in appellant's contention that the district court erred in refusing appellant's request for further discovery aimed at establishing the uniqueness of his claim. Prior to the entry of judgment, 143 persons had been deposed, approximately 200,000 documents produced, and 45,000 pages of testimony transcribed. Appellant has suggested no additional areas of investigation that would be pertinent to his claim of uniqueness. His "Statement of Facts", submitted in support of his argument against *res judicata*, discloses no facts that were not already before the district court. Protection against unnecessary dis-

covery is discretionary with the trial court, and the court's rulings will be reversed only on a clear showing of abuse of discretion. *Galella v. Onassis,* 487 F.2d 986, 997 (2d Cir. 1973); *Rosin v. New York Stock Exchange, Inc.,* 484 F.2d 179, 185 (7th Cir. 1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

On the prior appeal, appellant did not challenge the adequacy of the class representation or the general fairness of the settlement, nor did he contend that he had been denied an opportunity to be heard. *Robertson v. National Basketball Association, supra,* 556 F.2d at 684–86. This Court having upheld the trial court's approval of the settlement, appellant is bound by the district court's judgment. 7A Wright & Miller, *Federal Practice and Procedure,* § 1797 (1972 & Supp. 1979).

In holding, as we do, that the terms of the class action settlement are binding upon appellant Chamberlain, we make no determination as to whether those terms have been complied with so as to preclude a cause of action for their breach. That issue is not before us.

We affirm the judgment and order appealed from.

OAKES, Circuit Judge (concurring):

While I concur in Judge Van Graafeiland's opinion as far as it goes, with respect it does not deal directly with the rather difficult issue whether Chamberlain lost his right to challenge the settlement when it was initially approved in 1976. Technically, it is true that Chamberlain "did not challenge the adequacy of the class representation or the general fairness of the settlement" and did not "contend that he had been denied an opportunity to be heard." *See* 72 F.R.D. 64, 68 (S.D.N.Y.1976), *aff'd,* 556 F.2d 682 (2d Cir. 1977) (order approving settlement) ("Counsel for Chamberlain indicated that his concern was that the settlement might be a barrier to Chamberlain's suit against the NBA. He had no other objection to the settlement."). But he apparently refrained from doing so on the assumption that res judicata would not bar his other suit.

Judge Carter stated that "Chamberlain does not object to the settlement as long as his rights to continue his litigation remain unaffected by the Class covenant not to sue." *Id.* at 70. But he refused to rule on the res judicata issue at that time, preferring instead to have a subsequent hearing. *Id.* This was probably appropriate. *Cf.* 7A Wright & Miller § 1789, at 176 ("[I]t is well settled that the court adjudicating a dispute cannot predetermine the res judicata effect of its own judgment; that can be tested only in a subsequent suit."). But the result is that Chamberlain has never had a ruling on the fairness of the settlement as applied to him, if it is interpreted to bar his California claim.

The problem, as I see it, is that Chamberlain presented no facts to the district court, perhaps because there were none to present, to show that his case was not, as the district court ultimately concluded, *Robertson v. National Basketball Association,* 413 F.Supp. 88, 90 (S.D.N.Y.1976), "merely another variation on the allegedly anticompetitive practices" challenged in the overall law suit. The court therefore had no basis for concluding either that the settlement fund should be higher because of appellant's special situation or that the distribution formula should be revised.