**TELTRONICS SERVICES, INC.,**
**Plaintiff-Appellant,**

v.

**L M ERICSSON TELECOMMUNICA-**
**TIONS, INC., Defendant-Appellee.**

No. 488, Docket 80–7586.

United States Court of Appeals,
Second Circuit.

Argued Dec. 8, 1980.

Decided Feb. 17, 1981.

---

**32**

Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for plaintiff-appellant.

Richard G. Lyon, New York City (Sullivan & Cromwell, Richard R. Howe, Robert M. Osgood, Robinson B. Lacy, New York City, of counsel), for defendant-appellee.

Gabriel B. Schwartz, New York City (Hahn, Hessen, Margolis & Ryan, David I. Blejwas, New York City, of counsel), for Jules J. Hessen, Trustee in Bankruptcy.

Before LUMBARD, MULLIGAN and VAN GRAAFEILAND, Circuit Judges.

MULLIGAN, Circuit Judge:

L M Ericsson Telecommunications, Inc. (Ericsson) is a New York corporation and a wholly owned subsidiary of Telefonaktiebolaget L M Ericsson (LME), a Swedish manufacturer of telephone equipment. Teltron- ics Services, Inc. (Teltronics) is a New York corporation engaged in the business of selling, installing and servicing telephone equipment some of which was purchased from Ericsson. Since 1975 Ericsson provided financing to Teltronics by guaranteeing substantial bank loans to that company from Nordic American Banking Corporation (Nordic) and First National City Bank (Citibank) pursuant to a security agreement which included among its terms a provision that Teltronics would pledge to Ericsson certain rental agreements between Teltronics and its customers for rental of telephone systems. On February 28, 1979 Teltronics defaulted in an interest payment to Nordic, whereupon Nordic accelerated all of Teltronics' indebtedness. On the basis of this default Citibank declared Teltronics to be in default and also accelerated its indebtedness. Upon demand from the banks Ericsson paid the debt and brought actions in the state courts to recover the money from Teltronics. Ericsson also sought to attach pledged collateral under the terms of the security agreement and notified Teltronics' lessees that rental payments were to be made to Ericsson.

On March 8, 1979 Teltronics filed its first complaint in the Southern District Court of New York, 491 F.Supp. 538 against Ericsson, LME and Nordic in four counts. The first two counts alleged violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq. The third and fourth counts alleged restraints of trade based upon alleged threats by defendants to cut off supplies and close down Teltronics' Boston operations. The jurisdictional basis urged upon the court in Paragraph Fifth(A) of the complaint included both the Sherman and Robinson-Patman Acts, 15 U.S.C. §§ 1, 2, 13, 13(a) and 15. Teltronics then moved before Judge Morris Lasker for a preliminary injunction which was denied after a hearing on March 28, 1979. No appeal was taken. The defendants then moved to dismiss the complaint for failure to state a claim upon which relief could be granted. After briefing and oral argument, Judge

Whitman Knapp[1] dismissed the complaint for failure to state a claim under Fed.R. Civ.P. 12(b)(6). A judgment of dismissal was entered on May 16, 1979. No motion was made to amend the complaint and no appeal from the judgment which became final on June 15, 1979 was ever taken.

On August 27, 1979, Teltronics armed with new counsel filed a second complaint in the Southern District of New York again alleging violations of section 1 of the Sherman Act.[2] Ericsson was named as defendant but LME was named only as a co-conspirator. Again the complaint alleged that Ericsson was restraining competition, allocating territories and preventing Teltronics from competing in the Boston area. Teltronics sought damages in the amount of $40 million before trebling. On October 16, 1979 Ericsson moved pursuant to Rule 12(b)(6) to dismiss the second action as barred by *res judicata* by reason of the dismissal of the first action. By order dated March 28, 1980, reported at 486 F.Supp. 836, Judge Lasker denied the motion to dismiss. In his opinion Judge Lasker noted that Teltronics had admitted on oral argument that the cause of action alleged in the present complaint was "the same as that dismissed in the prior action." *Id.* at 837. While Teltronics' second action pleaded its antitrust contentions in greater detail, he found that Teltronics "had ample *opportunity* to present its antitrust claim in the earlier action." *Id.* at 837 (emphasis in original). Judge Knapp, the court noted, had specifically asked Teltronics' counsel during oral argument on the motion to dismiss, what facts supported the antitrust claim.[3] The court further found that since Judge Knapp's order was a dismissal on the merits, it was within Rule 41 Fed.R.Civ.P. and thus "technically bars this action." *Id.* at 838.[4]

Despite this finding the court denied the motion to dismiss by reason of equitable considerations including Judge Knapp's failure in his decision to discuss explicitly the

1. The case had been originally assigned to Judge Knapp. The motion for a preliminary injunction, however, had been heard by Judge Lasker because Judge Knapp was on vacation.

2. The President of Teltronics had read a newspaper report of Judge Richard Owen's decision in *Copy-Data Systems, Inc. v. Toshiba America, Inc.*, 75 Civ. No. 1368 (CCH) (1979–1 Trade Cas.) ¶ 62,696) (S.D.N.Y.1979) which held that certain conduct of Toshiba, Inc. constituted per se violations of the Sherman Act. Teltronics then retained the successful counsel in that case. The *Copy-Data* opinion was not, and did not purport to raise, novel legal precedent sufficient to overcome the *res judicata* effect of a prior judgment. See *Desrosiers v. American Cyanamid Co.*, 377 F.2d 864 (2d Cir. 1967).

3. Judge Knapp asked Teltronics' counsel to explain the theories underlying each of the four causes of action in the first complaint. Teltronics' counsel essentially repeated the factual allegations included in the securities claims even after Judge Knapp asked for further explication of the antitrust claims:

   The Court: What other things have they done except sue on this note that you say constitutes an antitrust violation?
   Mr. Taubman: I direct the court's attention to the first 40 points in the complaint, paragraphs in the complaint, and in paragraph 40 itself it enumerates that we are repleading the first 40. We can go right down the list.

The Court: I see. Just the things that you have already said.
Mr. Taubman: That's correct, your Honor.

4. Rule 41(b) Fed.R.Civ.P. provides:

   .    .    .    .    .

   (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

merits of the purported antitrust claim and the failure of plaintiff's former counsel to refer to statements and testimony in support of the injunctive relief sought.

On April 17, 1980 Ericsson made a motion for reconsideration which the district court treated as a motion for reargument. In its moving papers Ericsson argued that Judge Knapp's dismissal for failure to state a claim operated as a judgment on the merits which barred the second action under Rule 41, and that Judge Lasker erred by requiring the movants to offer affirmative evidence to show that the dismissal was intended to be with prejudice.[5] Judge Lasker granted the motion for reargument and dismissed the complaint because subsequent events created serious doubts of Teltronics' good faith sufficient to invoke the equitable considerations accounted for in denying the motion to dismiss on *res judicata* grounds.

On September 18, 1979 Ericsson and three other creditors had filed an involuntary petition in bankruptcy in the Eastern District of New York requesting that Teltronics be declared a bankrupt. In response Teltronics filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. In an opinion dated April 30, 1980 Bankruptcy Judge Goetz dismissed the Chapter XI proceeding and adjudicated Teltronics a bankrupt. Jules J. Hessen qualified as Trustee for the bankrupt on May 20, 1980. The Bankruptcy Judge found that Teltronics had failed to file a complete list of creditors and schedules of its operations, assets, liabilities and executory contracts, had made false and misleading statements to its creditors and the courts, had abused the jurisdiction of the court and had entered into a transaction with Telecom Equipment Corporation whereby in the words of the Bankruptcy Judge, "Teltronics disposed of all, or virtually all, of what assets remained to it in order to pursue its antitrust claims against Ericsson." She found that this transaction required an investigation to determine whether there was in fact a fraudulent conveyance. For these reasons Judge Lasker found that the balance of equities was tipped in favor of Ericsson and warranted dismissal of the second complaint. Judgment was entered on July 7 and the Trustee noticed this appeal on July 19. The Trustee then moved to substitute himself for Teltronics as the plaintiff-appellant. The motion was consolidated with this appeal. On the argument of this appeal the motion of the Trustee for substitution was granted for the limited purpose of this appeal without prejudice to any counterclaims by Ericsson against Teltronics which may still be pending in the District Court. That presents an issue for the District Court to determine. The order dismissing the complaint is affirmed.

## I.

We note at the outset that the Trustee does not dispute that under the literal language of Fed.R.Civ.P. 41(b), Judge Knapp's dismissal of all four counts of Teltronics' original complaint operated as an adjudication on the merits. Nonetheless the appellant urges that Teltronics should be relieved from the application of the doctrine of *res judicata*. None of the reasons advanced, however, are persuasive.

This court has held that "judgments under Rule 12(b)(6) are on the merits, with *res judicata* effects . . . ." *Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir. 1976). This rule is in accord with the literal language of Fed.R.Civ.P. 41(b). Judge Knapp's memorandum and order of May 9, 1979 clearly granted defendant's motion under Rule 12(b)(6). Although the order does not refer specifically to the Sherman Act it does re-

---

5. In his memorandum decision on Ericsson's motion for reconsideration or certification for appeal pursuant to 28 U.S.C. § 1292(b), Judge Lasker recognized the "substantial ground for difference of opinion" as to his initial interpretation of Rule 41(b) which place a burden on the movants to show that the previous dismissal under Rule 12(b)(6) "was intended to be with prejudice." 486 F.Supp. at 838. Although he did not address the merits of this issue, we note that the literal language of Rule 41(b) creates no such burden. See *Weston Funding Corp. v. Lafayette Towers*, 550 F.2d 710, 713 (2d Cir. 1977); *Exchange National Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976).

cite Teltronics' claim that Ericsson had slowed down or stopped shipments of equipment and "[t]hrough these and various unnamed means and various other tactics (Complaint Para. 45) [the third count], defendants also sought to eliminate Teltronics as a competitor of the Ericsson defendants in the Boston area. Accepting as true all of plaintiff's factual allegations, we are unable to find any provision of the securities acts requiring a filing in the situation above described, or anything that would render defendants liable in damages for their pleaded actions."

While Judge Knapp's order did not cite the Sherman Act or indicate the exact basis of the antitrust claims, it is clear that he dismissed all of the counts and made specific reference to the claim that Ericsson had sought to remove Teltronics as a competitor in the Boston area. This court has emphasized that a final judgment is res judicata "not only to all matters pleaded, but to all that might have been" and "not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." *In re Interstate Stores*, 558 F.2d 1046, 1047 (2d Cir. 1977) (quoting *Heiser v. Woodruff*, 327 U.S. 726, 735, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946)); see *Herendeen v. Champion International Corp.*, 525 F.2d 130, 133 (2d Cir. 1975).[6]

In this case the same parties, the same cause of action and the same facts form the basis of the second complaint. It was therefore barred by res judicata principles. Appellant seeks to avoid this principle on the theory that its counsel was inexperienced and that the complaint was hastily prepared. This provides no basis for relief here. In *Lambert v. Conrad*, 536 F.2d 1183, 1186 (7th Cir. 1976) a similar argument was made to avoid the res judicata doctrine. In rejecting the claim, the court stated:

During the interval plaintiff made no effort to amend his complaint to change the defendants or to seek damages. While the initial complaint seeking injunctive relief might have been hastily drafted, plaintiff had ample time to amend his complaint to seek more comprehensive relief; instead he allowed the action to be dismissed. After judgment was entered, plaintiff could have appealed on the grounds that the district court erred by dismissing on the merits rather than for want of jurisdiction, but he did not. There is no unfairness in not allowing the plaintiff collaterally to attack the prior judgment.

In this case the plaintiff made no attempt to amend the complaint, to appeal, or to seek relief under Rule 60(b) Fed.R.Civ.P.[7] This court has also taken a dim view of a plaintiff's efforts to avoid res judicata effects of a prior judgment of dismissal on the ground that it did not adequately present the case initially. See *Schmeider v. Hall*, 545 F.2d 768 (2d Cir. 1976), cert. denied, 430 U.S. 955, 97 S.Ct. 1601, 51 L.Ed.2d 805 (1977).

The concerns for judicial economy that require that the whole controversy should be brought in the same court in the same controversy so that unnecessary litigation

---

6. While the second complaint is more detailed and generally drafted in a more sophisticated fashion than the first complaint it does not add any new factual material which transpired after the dismissal of the first complaint.

7. In pertinent part, Fed.R.Civ.P. 60(b) provides:
    Rule 60. Relief from Judgment or Order

    . . . . .

    (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

be avoided and matters be judicially concluded, has similarly motivated this court in Rule 60(b) cases. In *United States v. Cirami*, 535 F.2d 736 (2d Cir. 1976) appellants sought relief from a summary judgment imposing a tax deficiency on the ground of attorney ineffectiveness and neglect. In that opinion we noted the rather consistent refusal of the Second Circuit "to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or rules of the court, or his inability to efficiently manage his caseload." 535 F.2d at 740.

While it is true that *res judicata* is not to be mechanically applied, *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.*, 495 F.2d 1265, 1276 (2d Cir. 1974), no case has been cited or discovered where relief from *res judicata* principles has been granted simply because the plaintiff was represented by inexperienced counsel. To sanction this exception would be to encourage endless litigation and the relitigation of issues previously determined thus emasculating the very basis of the doctrine.[8] In our jurisprudence "each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts . . . ." *Link v. Wabash*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1879)).

## II.

Appellant further argues that strong public policy favoring the adjudication of antitrust claims on the merits and the bankruptcy law's emphasis on equitable distribution of the estate, outweigh judicial concerns for finality of decision embodied in the *res judicata* doctrine. Although there is undoubtedly an interest in the enforcement of the antitrust laws, there is no authority whatever to support the contention that this policy excuses the failure of a private plaintiff in an antitrust case to plead and prove its case when brought. On the contrary, the case principally relied upon by the appellant indicates the opposite result. In *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) a prior antitrust action between the parties resulted in a dismissal in 1943 on the basis of a 1942 settlement. A second action was commenced in 1949 but it alleged conduct arising subsequent to the dismissal of the first complaint. Since *res judicata* principles do not apply to conduct which could not have been the basis for the 1943 dismissal, the court stated:

> The conduct presently complained of was all subsequent to the 1943 judgment. In addition, there are new antitrust violations alleged here—deliberately slow deliveries and tie-in sales, among others—not present in the former action. *While the 1943 judgment precludes recovery on claims arising prior to its entry*, it cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case. *Id.* at 328, 75 S.Ct. at 868 (emphasis added; footnotes omitted).

As we have indicated there is no conduct alleged in the second complaint in this case which arose after Judge Knapp's first dismissal. While the second complaint is in greater detail, it is based upon the same conduct alleged in the first complaint. That dismissal therefore, in the language of *Lawlor*, precludes a recovery on claims arising prior to its entry. See *Robertson v. National Basketball Ass'n*, 622 F.2d 34 (2d Cir. 1980); *Kreager v. General Electric Co.*, 497 F.2d 468 (2d Cir. 1974), cert. denied, 419

---

**8.** "Res judicata is a salutary doctrine, judicial in origin, that reflects 'considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations.'" *Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 268 (2d Cir. 1977) (quoting *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948)). The Supreme Court described the general purpose of the rule: "Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be involved for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect to all matters properly put in issue and actually determined by them." *Southern Pacific R.R. Co. v. United States*, 168 U.S. 1, 48–49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897).

U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974); *Neeld v. National Hockey League,* 439 F.Supp. 446 (W.D.N.Y.1977) (cases barring relitigation of antitrust actions on grounds of *res judicata* ).

The fact that Teltronics is now bankrupt does not liberate the trustee from the *res judicata* effects of the dismissal of the antitrust claims on the merits. While the trustee is a representative of creditors and is empowered to avoid fraudulent transfers there is nothing to suggest that Ericsson was guilty of any fraud or misconduct in seeking dismissal of the complaint. On the contrary, one suggestion of misconduct found by the bankruptcy court was in Teltronics' conveyance of assets to Telecom which resulted in a $50,000 cash payment found by the bankruptcy judge to have been used to pay legal fees to Teltronics' new counsel in filing the second antitrust complaint against Ericsson. Hence we see no reason to depart from the general rule that a judgment rendered against a bankrupt prior to his bankruptcy is conclusive upon the trustee. 1B J. Moore, Federal Practice ¶ 0.419(3.–6) at 3124–25 (2d ed. 1965).

In sum we find no equitable basis to support Judge Lasker's initial opinion finding *res judicata* principles not applicable.