**AMERICORP FINANCIAL, INC., Plaintiff,**

v.

**ST. JOSEPH'S HOSPITAL HEALTH CENTER, Defendant.**

No. 5:01–CV–1277 HGM/GLS.

United States District Court, N.D. New York.

Dec. 12, 2001.

Walter D. Kogut, P.C., Syracuse, NY, Clark Hill, PLC (David A. Breuch, Brian M. Ziff, of counsel), Detroit, MI, for Plaintiff.

Costello, Cooney & Fearon, LLP, (Edmund J. Gegan, of counsel), Syracuse, NY, for Defendant.

## MEMORANDUM—DECISION AND ORDER

MUNSON, Senior District Judge.

### FACTS

On October 15, 1998, defendant St. Joseph's Hospital Health Center ("St.Joseph's") entered into a Fee for Service Agreement ("the Agreement") with Computer Motion, Inc. ("CMI"). Pursuant to the Agreement, CMI provided St. Joseph's with endoscopic surgical equipment and St. Joseph's agreed to purchase a certain number of "disposables" per month for use with the equipment. Paragraph 11 of the Agreement allowed CMI to assign the Agreement to a third party for financing purposes, subject to St. Joseph's rights under the Agreement.

St. Joseph's and CMI also executed a Renewal/Conversion Addendum ("Attachment A"). Attachment A applied to the Agreement and allowed St. Joseph's, under certain circumstances, to return the equipment and have no further financial obligations to CMI.

On June 19, 1998, CMI and plaintiff Americorp Financial, Inc. ("Americorp") executed a Vendor Program Agreement accompanied by Schedule A—Assignment of Rights, Title, and Interest ("the Assignment"). The Assignment was executed in accordance with Paragraph 11 of the Agreement and it assigned all rights to payment under the Agreement to Americorp. Following execution of the Assignment, St. Joseph's performed its payment obligations to Americorp for a period of many months.

In March 2001, St. Joseph's ceased making payments under the Agreement. Upon demand for payment, St. Joseph's informed Americorp that it had discontinued performance under the Agreement pursuant to Attachment A. Attachment A provides:

> Should St. Joseph's Hospital discontinue offering endoscopic procedures applicable to the use of AESOP at the end of the first 24 month payment period of this Fee for Service Agreement, or should your Equipment not perform to the standards of its proper labeling, St. Joseph's Hospital may return the Equipment and have no further financial obligations for this Fee for Service Agreement, whatsoever.

On August 13, 2001, Americorp filed suit alleging that St. Joseph's refusal to continue to pay under the Agreement is an egregious breach of the contract.

Currently before this court is Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that it fails to state a claim upon which relief can be granted. Plaintiff has entered opposition to this motion.

### DISCUSSION

1. *Rule 12(b)(6) Standard*

A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is a dismissal on the merits of the action, a determination that the facts alleged in the complaint fail to state a claim upon which relief

may be granted. *See Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc.*, 642 F.2d 31, 34 (2d Cir.1981). Such a dismissal is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir.1999). Therefore, the issue before the court on such a motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999). "The task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998) (internal quotations omitted). Accordingly, in order to decide a Rule 12(b)(6) motion, the court must accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the non-moving party. *See Harris*, 186 F.3d at 247. However, a "complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir.1996) (internal quotations omitted).

When deciding a Rule 12(b)(6) motion, the court generally limits itself to the facts stated in the complaint, documents attached to the complaint as exhibits, or documents incorporated by reference in the complaint. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999). If the court looks to additional materials, the motion should be converted into a motion for summary judgment. *See Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999). However, where the court simply refers to supplementary materials, but does not rely to

them or use them as a basis for its decision, the 12(b)(6) motion is not converted into a motion for summary judgment. *See id.* With this standard in mind, the court turns to the sufficiency of plaintiff's claim.

### 2. Breach of Contract Claim

 It is well-settled under New York law that to establish a claim for breach of contract, a plaintiff must prove the following elements: (1) the existence of a contract; (2) breach by the other party; and (3) damages suffered as a result of the breach. *See Terwilliger v. Terwilliger*, 206 F.3d 240, 245–46 (2d Cir.2000). In pleading such a claim, plaintiff must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue. *See Levy v. Bessemer Trust Co., N.A.*, 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997). The court should construe plaintiff's allegations liberally because Rule 8 of the Federal Rules of Civil Procedure only requires general or "notice" pleading, but liberal construction has its limits. *See* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.34[1][b], at 12–60 to 12–61 (3d ed.1999). "[T]he pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted." *Id.*

In the present case, Americorp alleges in its complaint that St. Joseph's failed to make the payments required under the terms of the Agreement and is in default pursuant to Paragraph 13 of the Agreement. Americorp claims that St. Joseph's failure to pay under the terms of the Agreement constitutes a breach of contract.

 As stated above, the court may consider documents attached to the com-

plaint as exhibits when deciding a motion to dismiss. Accordingly, the court has reviewed the Agreement, Attachment A, the Assignment, and a letter dated June 19, 2001 from Donald L. Nicholas, Esq., counsel to St. Joseph's, to CMI and Americorp.

■ There is no dispute that the Agreement is valid or that it was assigned properly to Americorp. The issue is whether St. Joseph's breached the Agreement by terminating the payments to Americorp. Therefore, the claim turns on the applicability of Attachment A to the Agreement and whether St. Joseph's acted appropriately when it terminated payments in May 2001 pursuant to the language of Attachment A.

In its complaint, Americorp alleges that Attachment A was executed solely between CMI and St. Joseph's, and that it had no knowledge of Attachment A at the time of assignment. Each of these allegations are irrelevant to Americorp's current claim.

■ After examining the Agreement and Attachment A, the court finds that the Agreement and Attachment A were executed contemporaneously to create a contract for the purchase of a certain number of "disposables" for use with endoscopic surgical equipment. This conclusion was reached for a number of reasons. First, each was signed on October 15, 1998 by Clifton D. Leonard, Sales Administration Manager of CMI, and Gene F. Morreale, Executive Vice–President/Chief Operating Officer of St. Joseph's. Additionally, Attachment A specifically states at the top of the document that "THIS RENEW-AL/CONVERSION ADDENDUM A IS VALID FOR ST. JOSEPH'S HOSPITAL, SYRACUSE, NEW YORK *ONLY.*" Finally, Attachment A states that "The following *Renewal and Conversion Terms* apply to St. Joseph's Hospital's Fee for Service Agreement. This Addendum will serve as *Attachment A.*" On the basis of the foregoing language, the court finds that CMI and St. Joseph's intended Attachment A to apply exclusively to the Agreement and to create a valid and potentially-assignable contract. Therefore, the contract as a whole, including the Agreement and Attachment A, was assigned to Americorp pursuant to the Assignment and Americorp's allegation that Attachment A was executed solely between CMI and St. Joseph's is irrelevant to the current claim.

Likewise, Americorp's claim that it did not have any knowledge of the existence of Attachment A at the time of assignment is irrelevant to its current claim of breach of contract. Regardless of whether or not CMI provided Americorp with a copy of Attachment A, it is a part of the contract executed between CMI and St. Joseph's, and later assigned to Americorp. Therefore, Americorp's knowledge at the time of the assignment is irrelevant to its claim that St. Joseph's failure to pay under the terms of the Agreement constitutes a breach of contract.

The court now turns to the question of whether St. Joseph's acted appropriately when it terminated payments in May 2001 pursuant to the language of Attachment A. As stated above, Attachment A allows St. Joseph's to return the equipment without further financial obligation under the Agreement if it "discontinue[s] offering endoscopic procedures applicable to the use of AESOP at the end of the first 24 month payment period." In his letter to CMI and Americorp, Mr. Nicholas, on behalf of St. Joseph's, states:

St. Joseph's Hospital has fully completed the first 24 month payment period under the Agreement, and currently offers no endoscopic procedures for which the use of AESOP is applicable. As stated in the aforementioned correspondence, and specifically in the January 9, 2001 letter to Mr. Candino, the physicians of St. Joseph's Hospital have altered the endoscopic procedure render-

ing the AESOP inapplicable. Any use of the AESOP in current endoscopic procedures could seriously jeopardize patient safety.

In its Memorandum of Law in Response to Defendant's Motion to Dismiss, Americorp disputes the veracity of Mr. Nicholas' statement for the first time and alleges, "upon information and belief, [St. Joseph's] terminated the Agreement because it no longer desired to use the equipment, not because [St. Joseph's] no longer provides endoscopic procedures." Americorp has not presented the court with an affidavit setting forth any evidentiary allegations to show that St. Joseph's termination of the Agreement was improper.

■ Under Rule 12(b)(6), "the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir.1994) (quoting 2A MOORE & LUCAS, MOORE'S FEDERAL PRACTICE ¶ 12.08, at 2266–69 (2d ed.1984)). The court finds that Americorp's allegation that St. Joseph's expressed reason for termination is untrue constitutes an impermissible deduction of fact. Americorp failed to even raise the allegation in its complaint. Once it did raise the allegation in its Memorandum of Law, Americorp failed to provide even a minimal factual assertion necessary to meet the liberal standard of Rule 12(b)(6). Therefore, Americorp has failed to support this allegation in support of its breach of contract claim.

On the basis of the foregoing reasons, the court finds that Americorp has failed to state a claim upon which relief may be granted. Although Americorp established the existence of a contract, it failed to establish a breach of that contract. The documents attached to the complaint provide a sufficient factual basis for dismissal of the complaint. St. Joseph's termination of the Agreement based upon the fact that they no longer offer endoscopic procedures utilizing the AESOP equipment was permissible according to the terms of Attachment A. Since Attachment A applied exclusively to the Agreement and together a valid contract was formed, St. Joseph's actions do not constitute a breach of contract and dismissal of the complaint for failure to state a claim is warranted.

### CONCLUSION

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED,** that defendant's motion to dismiss is **GRANTED** and the complaint is hereby **DISMISSED** in its entirety. It is further

**ORDERED,** that the Clerk of Court serve a copy of this Memorandum—Decision and Order upon the parties by regular mail.

**IT IS SO ORDERED.**