## TELTRONICS SERVICES, INC., Plaintiff,

### v.

## L M ERICSSON TELECOMMUNICATIONS, INC., Defendant.

### No. 79–4513.

United States District Court,
S. D. New York.

June 16, 1980.

Frank, Bernstein, Conaway & Goldman, Robert G. Levy, Berryl A. Speert, Allan P. Hillman, Jacob Silverman, Baltimore, Md., for plaintiff; Lorenz, Finn, Giardino & Lambos, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendant; Robert M. Osgood, Richard G. Lyon, Robinson B. Lacy, New York City, of counsel.

LASKER, District Judge.

L M Ericsson Telecommunications, Inc. (Ericsson) moves for "reconsideration," or alternatively for certification for appeal pursuant to 28 U.S.C. § 1292(b) of an order dated March 28, 1980, reported at 486 F.Supp. 836, denying its motion to dismiss the complaint as barred by res judicata.  In that opinion, although the dismissal of an earlier complaint brought by Teltronics Services Inc. (Teltronics) against Ericsson, its subsidiary, its parent, and Nordic American Banking Corporation alleging securities and antitrust law violations was held to be "on the merits" within Rule 41 of the Fed-

---

eral Rules of Civil Procedure, and consequently technically applied to bar the present action, the circumstances of this case were held to warrant the exercise of the equitable power of the court to decline mechanically to apply res judicata to bar this action.

In support of its motion for "reconsideration" which will be treated as one for reargument, *see* United States District Courts for the Southern District of New York General Rule 9(m), Ericsson argues, as it did on the earlier motion, that the "express language" of Rule 41 mandates dismissal of this action. However, the motion was not denied because the language of Rule 41 was inapplicable, but because of the equitable considerations noted.

Ericsson now presents the additional argument that the recent decision in *In re Teltronics Services, Inc.*, No. 79B2725 (E.D. N.Y. April 30, 1980), in which the bankruptcy judge dismissed Teltronics' Chapter XI proceeding and adjudicated it bankrupt, is relevant to the decision on the motion to dismiss in the case at hand. One of the reasons for earlier refusing to dismiss the complaint was the apparent good faith of Teltronics. Among the findings of the bankruptcy court, however, were that Teltronics had failed to file a complete list of creditors and schedules of its operations, assets, liabilities and executory contracts, in violation of the bankruptcy rules and specific oral directives from the court, made false or misleading statements to its creditors and the court, entered a transaction which required an investigation as to whether it was a fraudulent conveyance, and abused the jurisdiction of the court.

Although it is true, as Teltronics argues, that nothing in the opinion indicates Teltronics' lack of good faith in filing the instant antitrust action, nevertheless, these findings create serious doubt as to whether Teltronics has followed that course of conduct required to entitle it to invoke the equitable power of the court to decline to apply res judicata to this suit.

Moreover, Ericsson asserts in support of its alternative motion for section 1292(b)

certification, that there is substantial ground for difference of opinion as to the validity of the earlier opinion. We accept that view and Teltronics does not dispute it. Consequently, a *clear* showing of Teltronics' good faith is necessary to tip the balance in its favor, and the findings of the bankruptcy judge refute such a showing.

It is appropriate to note that a decision in Teltronics' favor could well result in a long trial which upon appeal might be found to have been improvidently permitted. On the other hand, adhering to the normal rules of res judicata, as we now do, if determined on appeal to be incorrect, will enable further proceedings to occur without a cloud.

The motion to reargue is granted and the complaint dismissed.

It is so ordered.