In re TELTRONICS SERVICES, INC., Bankrupt.

L M ERICSSON TELECOMMUNICATIONS, INC., Plaintiff,

v.

TELTRONICS SERVICES, INC., Defendant.

No. 81 CV 2126.

United States District Court, E. D. New York.

March 16, 1982.

Sullivan & Cromwell, New York City by Richard R. Howe, Richard G. Lyon and Robinson B. Lacy, New York City, for plaintiff-appellee.

Hahn & Hessen, New York City by Gabriel B. Schwartz, Richard S. Miller, New York City, for Jules J. Hessen, Trustee in Bankruptcy of defendant-appellant.

## MEMORANDUM OF DECISION AND ORDER

NEAHER, District Judge.

This is an appeal by a trustee in bankruptcy from a summary judgment entered in an adversary proceeding before the United States Bankruptcy Court for the Eastern District of New York, Cecilia H. Goetz, B. J. The underlying bankruptcy has been the subject of four bankruptcy court opinions, three district court opinions and one court of appeals decision, *Teltronics Services, Inc. v. L M Ericsson Telecommunications, Inc.*, 642 F.2d 31 (2d Cir.), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). This opinion therefore assumes familiarity with the facts and the procedural history of the case.

The subject of the instant appeal is an adversary proceeding instituted by plaintiff-appellee, L M Ericsson Telecommunications, Inc. (LME), in which LME sought relief from a stay and a declaration of the enforceability of its rights under a security agreement with the bankrupt, Teltronics Services, Inc. (TSI). Judge Goetz granted LME partial summary judgment on its com-

plaint, allowing LME to liquidate its collateral under the security agreement. But the court required LME to hold the proceeds in escrow, reserving decision on the enforceability of its secured rights. The trustee subsequently served an amended answer containing affirmative defenses to the relief sought and a counterclaim for equitable subordination. In response, LME moved to dismiss the counterclaim under F.R.Civ.P. 12(b)(6), and upon each party's submission of materials outside the pleadings the court proceeded to treat LME's motion as one for summary judgment pursuant to F.R.Civ.P. 12(b).

The court granted LME's motions in entirety. On this appeal the trustee raises essentially two issues: first, whether the counterclaim was properly barred under the principles of *res judicata*; and second, whether the court properly held that no genuine issue of triable fact exists with respect to LME's right to enforcement of its secured interest.

■ Turning first to the *res judicata* issue, it appears the court erred in extending to the instant controversy the preclusive effect of Judge Knapp's dismissal of TSI's original action. Although the dismissal resulted in a final judgment on the merits, *Teltronics Services, Inc. v. L M Ericsson Telecommunications, Inc., supra* at 34, the judgment cannot have collateral estoppel effect on the instant counterclaim because the only "matters in issue . . . upon the determination of which the [judgment] was rendered," *Cromwell v. County of Sac*, 94 U.S. 351, 353, 24 L.Ed. 195 (1876), pertain to the validity of TSI's claims under federal securities and antitrust law. The matters underlying a bankruptcy court's equitable inquiry into subordination of a secured creditor's rights go far beyond the issues actually adjudged. For example, in reaching its decision to dismiss the antitrust complaint, the district court did not address the issue of LME's alleged control of TSI, nor did it determine that LME had not engaged in misconduct which could justify subordination of its secured claims. In sum, the sole collateral estoppel effect of the original

judgment is to preclude relitigation of the only issue actually adjudicated: the sufficiency of TSI's pleading.

■ Moreover, the former judgment cannot be *res judicata* as to the present parties because insufficient privity exists between the trustee and the bankrupt in the present circumstances. Operation of *res judicata* requires identity of parties. Yet the creditors presently represented by the trustee were not parties to the original action, nor were their interests represented therein. Thus, they cannot be bound by the dismissal of the action. *Williamson v. Bethlehem Steel Corp.*, 468 F.2d 1201, 1203–04 (2d Cir. 1972), *cert. denied*, 411 U.S. 931, 93 S.Ct. 1893, 36 L.Ed.2d 390 (1973).

Substance rather than form determines the scope of identity of parties. *Chicago, Rock Island & Pacific Ry. v. Schendel*, 270 U.S. 611, 618–20, 46 S.Ct. 420, 423, 70 L.Ed. 757 (1926); 1B Moore's Federal Practice, ¶ 0.411[1], [3] at 1253, 1423 (2d ed. 1980). Examination of the substantive rights at stake in the action brought by TSI shows that the trustee is protecting wholly disparate rights in the subordination claim. While TSI sought to remedy alleged unlawful restraint of trade and violations of filing and disclosure requirements, the creditors seek priority over LME in enforcement of their unsecured rights. Even though the same course of conduct forms the basis for each claim, the rights presented for adjudication remain distinct.

Unlike the circumstances before the Court of Appeals in *Teltronics*, the trustee is now pursuing a claim unavailable to TSI. No party has yet to have its day in court on such claim. As one commentator has expounded:

"The unifying ideas, then, that appear throughout the bankruptcy treatment of res judicata and collateral estoppel are simply these. Judicial finality prevents an encore and gives repose both to litigants and society. Not self-executing, like any other salutary rule, it must be applied with its true objective in mind— the prevention of needless, repetitious litigation. Litigation is neither needless

nor repetitious unless those to be bound by, or to benefit from a prior judgment have had their day in court—a fair opportunity to litigate the issues upon which they are to be concluded. A realistic appraisal of this question is important in ordinary civil suits between ordinary litigants. It is particularly important in bankruptcy, where litigation affecting many persons with diverse interests is commonplace."

1B Moore's Federal Practice ¶ 0.419[3.–7] at 3189 (2d ed. 1980).

The Supreme Court has recognized that *res judicata* should not rigidly operate to bar claims in bankruptcy proceedings when the court would otherwise be free to remedy fraudulent conduct. For example, in *Brown v. Felsen*, 442 U.S. 127, 132, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979), although a debt had been reduced to judgment in State court, the Court concluded that *res judicata* should not foreclose the bankruptcy court from traversing "unexplored paths that may lead to truth." Similarly, in *Heiser v. Woodruff*, 327 U.S. 726, 741, 66 S.Ct. 853, 860, 90 L.Ed. 970 (1946), Justice Rutledge, concurring, explained that absent prior opportunity for adjudication of the grounds alleged for subordination, the equitable power of a bankruptcy court supersedes strict application of *res judicata*:

> "If, as the Court declared in *Pepper v. Litton*, the bankruptcy court has power to reject claims, even when previously allowed, 'in whole or in part "according to the equities of the case," ' 308 U.S. [295] at 304 [60 S.Ct. 238 at 244, 84 L.Ed. 281], see 11 U.S.C. § 93(k), I find no reason for qualifying that rule in this case. It necessarily comprehends that the bankruptcy court in the allowance or rejection and ordering of claims shall not be bound by any broad or rigid rule of *res judicata*." (Footnote omitted.)

Accordingly, since the issues at hand have not been adjudged, and incomplete privity exists between the trustee and TSI by virtue of the rights at stake and the opportunity to prosecute the respective claims, the bankruptcy court improperly invoked *res judicata* to bar the instant counterclaim.

■ Distinct from its application of *res judicata*, the bankruptcy court concluded that no triable issues exist and that LME is entitled to the relief sought as a matter of law. However, summary judgment was inappropriately rendered in the circumstances.

First, the court ignored LME's burden, as the moving party, to demonstrate the absence of genuine fact issues. F.R.Civ.P. 56(c); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The trustee need not have "set forth specific facts showing there is a genuine issue for trial," until LME met its burden of showing that no material issues exist with respect to the critical elements of the counterclaim, *viz.*, LME's alleged control of TSI and misconduct inducing TSI into default.

In support of its motion, LME submitted two unauthenticated hearsay documents and one affidavit containing several hearsay statements. Plaintiff's Memorandum in Support of its Motion for Summary Judgment, Exhs. A, B, C. Such materials are clearly insufficient to support a motion under Rule 56, which requires that affidavits "shall set forth facts as would be admissible in evidence." Indeed, the Court of Appeals for this circuit has recognized that "[a] hearsay affidavit is a nullity on a motion for summary judgment." *Schwimmer v. Sony Corp. of America*, 637 F.2d 41, 45, n.9 (2d Cir. 1980). See also *Union Ins. Soc. of Canton, Ltd. v. William Gluckin & Co.*, 353 F.2d 946, 952–53 (2d Cir. 1965). Further, LME's documentary exhibits fail to meet the requirements of Rule 56(e) in that they are neither "[s]worn or certified copies," nor attached to an affidavit from which grounds of their authenticity can be adduced. Thus, these materials also may not be considered. *United States v. Dibble*, 429 F.2d 598, 601–02 (9th Cir. 1970).

■ Without having submitted proper materials under Rule 56, the movant failed to discharge its burden of showing the absence of triable issues. Summary judgment

must be denied in such circumstances regardless of the insufficiency of the opposition. As explained by the Supreme Court:

> "[B]oth the commentary on and background of the 1963 amendment conclusively show that it was not intended to modify the burden of the moving party under Rule 56(c) to show initially the absence of a genuine issue concerning any material fact. The Advisory Committee note on the amendment states that the changes were not designed to 'affect the ordinary standards applicable to the summary judgment.' And, in a comment directed specifically to a contention like respondent's, the Committee stated that '[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" *Adickes v. S. H. Kress & Co., supra* 398 U.S. at 159–60, 90 S.Ct. at 1609 (emphasis in original; footnotes omitted).

Second, it appears that the bankruptcy court relied on matters not properly before it in determining the absence of triable issues. Significantly, LME premised its motion to dismiss upon "all the papers heretobefore filed and proceedings heretobefore had herein." Plaintiff's Notice of Motion. While judicial notice of court records and files in summary judgment proceedings may be permissible, see *Nahtel Corp. v. West Va. Pulp & Paper Co.,* 141 F.2d 1 (2d Cir. 1944), the bankruptcy judge failed to identify the basis in the record for her recitation of factual conclusions. See, *e.g.,* Opinion at 37–38, 63–66.

Unless such factual conclusions are supported by the record through prior adjudication between the parties, prior admissions, or uncontroverted admissible evidence, the judge improperly decided issues of fact critical to the nonmovant's claim. Yet the latter portion of the opinion contains what appear to be findings of fact supported only by hearsay evidence, conjecture and the personal views of the judge. See, *e.g.,* Opinion at 56–61, 63–66.

The responsibility of the bankruptcy judge on the summary judgment motion was "merely to determine whether there are issues to be tried, rather than to try the issues [her]self." *Jaroslawicz v. Seedman,* 528 F.2d 727, 731 (2d Cir. 1975). Even though the judge may have developed sensitivity to the litigants and the issues through numerous contacts throughout the proceedings, such familiarity cannot impede the operation of the federal rules regarding procedure and evidence. Nevertheless, it should be said that the impropriety of summary judgment in the circumstances in no way precludes the judge, after trial, from reaching the identical conclusions. But since the requirements of Rule 56 have not been satisfied, the trustee must be allowed to "prove its case through the time-honored method of trial." *Painton & Co. v. Bourns, Inc.,* 442 F.2d 216, 233 (2d Cir. 1971).

Accordingly, the judgment of the bankruptcy court is reversed, and the case is remanded for trial.

SO ORDERED.