PIERCE, Circuit Judge:
This case presents two consolidated appeals. They arise out of the relationship *187 between Teltronics Services, Inc. (“Teltronics”), a now-bankrupt communications corporation, and its principal creditor and supplier, LM Ericsson Telecommunications, Inc. (“Ericsson”),[1] which, according to Teltronics, engaged in an attempt to take it over by arranging a fictitious default on Ericsson-guaranteed loans and thereby forced Teltronics into bankruptcy. In No. 84-5028, appellants Rand and Frese, creditors of the bankrupt Teltronics, challenge the propriety of a settlement in an adversary proceeding between Teltronics’ trustee in bankruptcy (“Trustee”) and Ericsson. The settlement was approved by the bankruptcy court (Goetz, Bankruptcy Judge), and that approval was affirmed by the United States District Court for the Eastern District of New York (Neaher, Judge). 46 B.R. 426. In No. 84-7522, plaintiffs Beagan and Teltronics appeal Judge Neaher’s grant of summary judgment in favor of the defendants in a separate action.
We affirm as to each of the judgments.
Background
The facts underlying these consolidated appeals are set forth in the numerous prior determinations in this matter. See LM Ericsson Telecommunications, Inc. v. Teltronics Services, Inc. (In re Teltronics Services, Inc.), 18 B.R. 705 (E.D.N.Y.1982); Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc., 486 F.Supp. 836 (S.D.N.Y.), on reargument, 491 F.Supp. 538 (S.D.N.Y.1980), aff'd, 642 F.2d 31 (2d Cir.), cert. denied, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981); Teltronics Services, Inc. v. LM Ericsson Telephone Co., No. 79 Civ. 1233, slip op. (S.D.N.Y. May 9, 1979). They will be summarized only briefly here. Ericsson, which was the chief supplier of equipment to Teltronics and became the principal creditor of the bankrupt corporation, allegedly misled the latter into believing that an interest payment due at the end of February, 1979, need not be made. When Teltronics failed to make the payment, a default was declared and Ericsson, guarantor of various bank loans to Teltronics, paid the loans and promptly began an action against Teltronics in the New York State courts to recover its payments.
Teltronics, alleging that the default was fictitious and engineered by Ericsson in order to take over its business, commenced an action in the United States District Court for the Southern District of New York. This action was dismissed by Judge Knapp when he granted a Fed.R.Civ.P. 12(b)(6) motion made by the defendants. Teltronics Services, Inc. v. LM Ericsson Telephone Co., No. 79 Civ. 1233, slip op. (S.D.N.Y. May 9, 1979). No appeal was taken from this dismissal.
Three months after this judgment was entered, when the time to appeal therefrom had lapsed, Teltronics filed a second action in the District Court for the Southern District of New York, based on the same course of conduct alleged in the first action. This second action was assigned to Judge Lasker, who recognized that the action presented res judicata difficulties because of the earlier Southern District disposition. Nevertheless, Judge Lasker initially determined that, under the circumstances, equitable considerations weighed in favor of reaching the merits. 486 F.Supp. 836.
While this second Southern District action was pending before Judge Lasker, on September 18, 1979, a bankruptcy proceeding was initiated by the creditors of Teltronics. Subsequent events in that proceeding, including Bankruptcy Judge Goetz’s adjudication of Teltronics as a bankrupt and her determination that assets of the bankrupt estate were improperly being used to finance the Southern District litigation, caused Bankruptcy Judge Goetz to appoint a trustee for the bankrupt estate and prompted Judge Lasker to hear reargument of his earlier decision not to apply res judicata to bar the action. On reargument, the district court dismissed the ac *188 tion on res judicata grounds. The Trustee, now handling the affairs of the bankrupt, appealed. This Court affirmed,[2] and certiorari was denied by the United States Supreme Court. Teltronics Services, Inc. v. LM Ericsson Telecommunications, Inc., 491 F.Supp. 538 (S.D.N.Y.1980), aff'd, 642 F.2d 31 (2d Cir.), cert. denied, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981).
Based on the same facts alleged in the two prior Southern District actions, the Trustee sought to assert a claim in the bankruptcy court for equitable subordination of Ericsson’s claims against the bankrupt. On Ericsson’s motion for summary judgment, however, Bankruptcy Judge Goetz ruled that the claim was barred by the earlier adverse determinations in the Southern District actions. The Trustee appealed to the district court. Judge Neaher reversed, 81 CV 2126, holding that the Trustee was barred from litigating only what was actually litigated in the earlier actions; that the Trustee was not in privity with Teltronics; and that Ericsson, as the moving party, had failed to show the absence of genuine issues of fact. Accordingly, the decision of the bankruptcy court was reversed and the claim was remanded to that court for determination on the merits. LM Ericsson Telecommunications, Inc. v. Teltronics Services, Inc. (In re Teltronics Services, Inc.), 18 B.R. 705 (E.D. N.Y.1982).[3]
On remand, Bankruptcy Judge Goetz recused herself, and the matter was reassigned to Chief Bankruptcy Judge Párente. There followed a twenty-day trial of the action. Judge Párente, in an exhaustive opinion, ruled in favor of Ericsson, finding that no misconduct had taken place, and therefore that equitable subordination was not warranted. Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Services, Inc.), 29 B.R. 139 (Bankr.E.D.N.Y.1983). The Trustee appealed to the District Court for the Eastern District of New York. Before the appeal was argued, however, the Trustee on behalf of the bankrupt Teltronics, and Ericsson, its adversary and principal creditor, reached a settlement.
This settlement was challenged by other creditors of the bankrupt, appellants Rand and Frese. However, Bankruptcy Judge Goetz, who accepted reassignment of the case, approved it. Rand and Frese appealed to the district court, and Judge Neaher ruled, 83 CV 4209, 83 CV 4210, that the settlement was reasonable and acceptable. This ruling is on appeal before us in No. 84-5028.
The other appeal before us, No. 84-7522, is brought by Beagan, in his individual capacity, and purportedly by Teltronics as well. They appeal from Judge Neaher’s grant of summary judgment in favor of the defendants in an action filed in the District Court for the Eastern District of New York, 83 CV 1401, alleging essentially the same facts as were alleged in the two previous Southern District actions, but adding allegations of ongoing interference with the business affairs of Beagan. Judge Neaher’s decision is reported at 587 F.Supp. 724 (E.D.N.Y.1984). Also alleged is the existence of “new evidence” warranting a re-opening of the two prior Southern District actions.
Against this background, and somewhat convoluted procedural history, we consider the arguments raised on appeal.
Discussion
A. No. 84-5028 — The Rand and Frese Appeal
Teltronics’ bankruptcy proceeding was commenced in September 1979, before *189 the October 1, 1979 effective date of the new Bankruptcy Code, and therefore is governed by the old Bankruptcy Act, 11 U.S.C. §§ 1-1255 (1976). See Act of Nov. 6, 1978, Pub.L. No. 95-598, §§ 402(a), 403(a), 92 Stat. 2682. Rand and Frese, creditors of the bankrupt, argue in No. 84-5028 that the district court erred by failing to review de novo the findings made by the bankruptcy court in approving the settlement. This argument is without merit when urged under the old Bankruptcy Act. Furthermore, it overlooks the distinction between a judgment rendered by the bankruptcy court in an adversary proceeding, and an approval by that court of a settlement that the parties have reached themselves. This Court held in 1939 that under the old Act, the approval of a settlement in a bankruptcy proceeding is committed to the sound discretion of the bankruptcy court, and may not be set aside except upon a showing of plain error or abuse of discretion. In re Prudence Co., 98 F.2d 559 (2d Cir.1938), cert. denied, 306 U.S. 636, 59 S.Ct. 485, 83 L.Ed. 1037 (1939). As recently as two years ago, we reaffirmed that position. We held that under the old Act, the “responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement ‘fall[s] below the lowest point in the range of reasonableness.’” In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir.) (Friendly, J.) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir.), cert. denied, 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 488 (1972)), cert. denied, Cosoff v. Rodman, — U.S.-, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983). We find that the settlement meets this standard, substantially for the reasons set forth in Judge Neaher’s opinion, Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Services, Inc.), 46 B.R. 426 (E.D.N.Y.1984). We therefore affirm the judgment of the district court in our No. 84-5028.
B. No. 84-7522 — The Beagan Appeal
With respect to the appeal in No. 84-7522, we note at the outset that the purported appellant Teltronics is not properly before this Court, nor, as Judge Neaher noted, was it before him in the proceedings now on appeal. It is elementary that all claims belonging to a corporate bankrupt vest in the trustee in bankruptcy. See, e.g., Dallas Cabana, Inc. v. Hyatt Corp., 441 F.2d 865, 867 (5th Cir.1971); In re New York Woman, Inc., 34 F.Supp. 831 (S.D.N.Y.1940); 4A Collier on Bankruptcy 1170.29[1], at 417 (4th ed. 1978); cf. 4 id. 11 541.01, at 541-5 & n. 2 (15th ed. 1984) (new Bankruptcy Code). Teltronics asserts that the trustee “abandoned” the claims in question because he refused to join in the instant action. This argument is without merit. Under the old Bankruptcy Act, a trustee in bankruptcy may abandon a claim only upon approval by the bankruptcy court. In re Ira Haupt & Co., 398 F.2d 607, 613 (2d Cir.1968); Hessen v. Beagan (In re Teltronics Services, Inc.), 39 B.R. 446, 449 (Bankr.E.D.N.Y.1984). No such approval was granted here, nor do the facts in the case indicate abandonment. Indeed, far from abandoning claims, the Trustee appealed to this Court from Judge Lasker’s dismissal on res judicata grounds of the second action filed by Teltronics in the Southern District. In that action, claims were asserted arising from the same facts as alleged herein. This Court affirmed the dismissal, and certiorari was denied by the Supreme Court. Teltronics Services Inc. v. LM Ericsson Telecommunications, Inc., 486 F.Supp. 836 (S.D.N.Y.), on reargument, 491 F.Supp. 538 (S.D.N.Y.1980), aff'd, 642 F.2d 31 (2d Cir.), cert. denied, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). Largely based upon the same facts, the Trustee then asserted a claim for equitable subordination of Ericsson’s claims in the bankruptcy court, and after Bankruptcy Judge Goetz granted summary judgment for Ericsson, the Trustee successfully appealed to the district court. LM Ericsson Telecommunications, Inc. v. Teltronics Services, Inc. (In re Teltronics Services, Inc.), 18 B.R. 705 (D.C.E.D.N.Y.1982). On remand by the district *190 court, there followed a twenty-day trial before Chief Bankruptcy Judge Párente, which resulted in a judgment for Ericcson. Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Services, Inc.), 29 B.R. 139 (Bankr.E.D.N.Y.1983). The Trustee appealed from this determination also. Before the appeal was heard, however, the Trustee reached a settlement with Ericeson. This settlement, which we affirmed above in No. 5028, settled all claims that the bankrupt had against Ericsson, and thereby foreclosed further litigation by it against Ericsson on those claims.
We conclude that there has been no abandonment of these claims by the Trustee; rather, he has executed a valid settlement of all outstanding claims of Teltronics arising in this litigation against Ericsson. Teltronics is therefore not before this Court, and, consequently, we will not consider claims purportedly asserted on its behalf by Beagan. Moreover, we note that Judge Neaher, in the proceeding appealed from herein, enjoined Beagan from further attempting to litigate claims on behalf of Teltronics, 587 F.Supp. at 734; Beagan has not directly challenged that injunction on this appeal and it remains in effect.
Further, we hold that the claims asserted by Beagan on his own behalf are barred by the doctrine of res judicata. This doctrine is a rule of fundamental repose important for both the litigants and for society. See Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 299, 37 S.Ct. 506, 507, 61 L.Ed. 1148 (1917). It is a “principle of peace.” Opelousas-St. Landry Securities Co. v. United States, 66 F.2d 41, 44 (5th Cir.), cert. denied. 290 U.S. 684, 54 S.Ct. 120, 78 L.Ed. 589 (1933) quoted in IB J. Moore, Moore’s Federal Practice 110.405[1], at 186 n. 27 (1984). As stated by Justice Douglas:
The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound “not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.” Cromwell v. County of Sac, 94 U.S. 351, 352. [4 Otto 351, 24 L.Ed. 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.
Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). Thus, this doctrine applies to preclude later litigation if the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action. Id., Herendeen v. Champion International Corp., 525 F.2d 130, 133 (2d Cir.1975). See generally IB J. Moore, Moore’s Federal Practice 11 0.405 (1964). Beagan does not contend that the first two elements are lacking here; rather, he argues that he is not in privity with Teltronics and that causes of action different from those previously asserted by Teltronics are involved. We disagree.
First, it is evident that Beagan was in privity with Teltronics as regards the earlier actions. It is undisputed that Beagan was the founder, president, chairman of the board, and a substantial shareholder in Teltronics.[4] In the first action filed by Teltronics against Ericsson in the Southern District, Beagan submitted an affidavit and was apparently Teltronics’ sole witness at a hearing on Teltronics’ motion for a prelimi *191 nary injunction. Joint Appendix at 145. Thereafter, Beagan executed a consent form for a change of counsel, id. at 158, and sent telegrams to Ericcson’s counsel, the United States Attorney, Ericcson’s auditors, and the Securities and Exchange Commission and its New York Regional Office. Id. at 159-66. All of these communications essentially repeated the allegations in the complaint in the first action, which Judge Knapp dismissed on May 16, 1979. After the time to appeal the dismissal of that complaint had expired, Beagan caused Teletronics to engage counsel to represent Teltronics in the second action filed by it against Ericcson in the Southern District, which Judge Lasker dismissed. See 642 F.2d at 33 n. 2.
The foregoing leads us to the conclusion that plaintiff Beagan both participated in and controlled the earlier litigation on behalf of Teltronics, with the exception of so much of the litigation as was conducted on behalf of Teltronics’ bankrupt estate by the Trustee. A judgment against a corporation bars later litigation on the same cause of action by an officer, director, or shareholder of the corporation if the individual participated in and effectively controlled the earlier case. Kreager v. General Electric Co., 497 F.2d 468, 472 (2d Cir.), cert. denied, 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974); Astron Industrial Assoc’s v. Chrysler Motors Corp., 405 F.2d 958, 961 (5th Cir.1968). Although ordinarily a stockholder is not bound by determinations made against his corporation, he “has a sufficient interest in litigation by the corporation, so that, if he participates, [he] is bound by or can take advantage of the resulting judgment.” IB J. Moore, Moore’s Federal Practice K0.411[6], at 450 (1984); see Souffront v. Compagnie des Sucreries, 217 U.S. 475, 486-87, 30 S.Ct. 608, 612, 54 L.Ed. 846 (1910). In light of Beagan’s continuous and active “non-party” participation and his apparent day-today leadership role in the prior litigation, we hold that he was in privity with Teltronics and is bound by the result in Teltronics’ litigation arising from this cause of action. See Ritchie v. Landau, 475 F.2d 151, 155 n. 2 (2d Cir.1973). Moreover, substantially all of Beagan’s alleged financial losses derive from asserted injuries to Teltronics. Beagan’s pleaded financial losses are the result chiefly of the loss in value of his stock interest in Teltronics, as well as the salary and benefits deriving from his position as its chief executive officer and president. These losses would have been remedied had the earlier litigation been successful. Beagan was thus advancing his own interests by directing the previous litigation on behalf of Teltronics. If a stockholder, officer or director of a corporation controls an action brought on its behalf in furtherance of his own interests, he is bound by the result of that action. See Eagle Transport, Ltd. v. O’Connor, 470 F.Supp. 731, 733 (S.D.N.Y.1979).[5]
Next, we hold that the Ericcson defendants in this case are in privity with those involved in the earlier actions, and are therefore entitled to the res judicata effect of this and the previous determinations of this case. A named defendant in the first Southern District action was Telefonaktiebolaget LM Ericsson (LM Ericsson Telephone Co.), a Swedish corporation. The present Ericsson defendant, Anaconda-Ericsson Inc., is successor by merger to LM Ericsson Telecommunications, Inc., which was a named defendant in all the prior proceedings, and is the United States distributor for Telefonaktiebolaget LM Ericsson. LM Ericsson TeleComm, Inc., was the wholly-owned subsidiary of LM Ericsson Telecommunications, Inc., until January, 1982, after which it was merged into Anaconda-Ericsson, Inc. From these relationships among the defendants, we conclude that they are in privity with one another. See Southwest Airlines Co. v. Texas International Airlines, Inc., 546 *192 F.2d 84, 95 (5th Cir.), cert. denied, 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977); Pan American Match, Inc. v. Sears, Roebuck & Co., 454 F.2d 871, 874 (1st Cir.), cert. denied, 409 U.S. 892, 93 S.Ct. 113, 34 L.Ed.2d 149 (1972); Astron Industrial Assoc’s v. Chrysler Motors Corp., 405 F.2d 958, 961 (5th Cir.1968). LM Ericsson TeleComm, Inc., was alleged to be a co-conspirator in the second Southern District action filed by Teltronics against the Ericsson defendants, and is entitled to the res judicata effect of that decision.
Finally, Beagan seeks to assert the same cause of action as has Teltronics. Beagan’s claims are based on the same course of conduct as was alleged in the previous cases; on this appeal, Beagan adds only conclusory allegations of a “criminal takeover of Teltronics by manipulation of the federal and state courts, including the bankruptcy courts, and the bankruptcy laws, at the same time that [Ericsson] grossly interfered with Teltronics’ attempts to run its business.” Reply Brief of Appellants at 6. Although these events allegedly took place during and after the previous judicial determinations of this case, no new facts in support of these allegations are in issue. Beagan alleged in the district court that Ericsson continues to interfere with his present business relationships, Complaint 1Hf 66, 128, but in moving for summary judgment, counsel for Ericsson submitted an affidavit denying these allegations, on information and belief, based on “inquiry to the responsible personnel.” Judge Neaher relied on this affidavit in granting Ericsson’s motion, noting that “Beagan has furnished nothing to counter these supported denials of his vague and conclusory allegations.” 587 F.Supp. at 734. Beagan contends on appeal that he was not required to respond to Ericsson’s denials, because of an alleged understanding that Ericsson’s motion would be treated as a motion to dismiss, and that all facts pleaded would be deemed admitted. Beagan, however, submitted an affidavit in opposition to Ericsson’s motion. The first paragraph of Beagan’s affidavit reads in part: “I make this affidavit in opposition to the defendants’ motion for summary judgment and other relief.” Joint Appendix at 489. Despite the 48-page, 135-paragraph length of his affidavit, Beagan failed to place in issue any of his allegations concerning ongoing interference with his business relations. Judge Neaher’s grant of summary judgment to the moving party, Ericsson, was therefore proper. See Park Avenue Tower Assoc’s v. City of New York, 746 F.2d 135, 140-41 (2d Cir.1984). In so holding, we note that while the affidavit of Ericsson’s counsel may in the first instance have provided insufficient grounds for granting a summary judgment motion, because the relevant paragraphs were not made on personal knowledge, see Automatic Radio Manufacturing Co. v. Hazeltine Research, Inc., 339 U.S. 827, 831, 70 S.Ct. 894, 896, 94 L.Ed. 1312 (1950); Schwartz v. Compagnie General Transatlantique, 405 F.2d 270, 273 (2d Cir.1968); 10A C. Wright & A. Miller, Federal Practice and Procedure § 2738, at 495 (1983), Beagan waived any objection to the affidavit by failing to move to strike it. Lacey v. Lumber Mutual Fire Insurance Co., 554 F.2d * 1204, 1205 (1st Cir.1977); 10A C. Wright & Miller, supra, at 507-09. We find persuasive the reasoning of Chief Judge Coffin in Lacey that to set aside a summary judgment under these circumstances would permit a party to make no response, or only a limited response, to a movant’s allegedly defective affidavits, with the result that the motion would either be defeated or later set aside. In the absence of a gross miscarriage of justice, not present here, such a result is impermissible. Parties may not sandbag the court in this fashion, selectively opposing the points they choose, and on appeal claiming that the unopposed points were defectively presented and required no response.
Beagan also relies heavily on the so-called “Dawson affidavit,” sworn to by Jack Dawson, a former Teltronics employee who later worked for Ericsson for a time. The affidavit purportedly constitutes “new evidence” of improper activities by Ericsson and its attorneys, chiefly the allegedly im *193 proper acts of Ericsson’s “New York Division,” which provided service to some Teltronics customers and hired some former Teltronics employees. Beagan’s argument appears essentially to rest on this allegedly new evidence. In our view, however, this affidavit merely presents another recounting of the operations of the “New York Division,” as to which allegations have been made since the first action was filed and ultimately dismissed by Judge Knapp, and all aspects of which were before Bankruptcy Judge Parente. See Joint Appendix at 404-05, 517, 827, 831-39, 1351, 1366E, 1366YV.
The Dawson affidavit submitted to Judge Neaher also purports to be the basis for an “independent action” for relief from the judgment in the first Southern District action, under Fed.R.Civ.P. 60(b). We do not consider the affidavit to present any “new evidence” that would provide a basis for a Rule 60(b) “independent action,” and we therefore do not address Beagan’s contention that the action was properly brought in a district different from the one where the original judgment was rendered.
We conclude that the events constituting the asserted injury are the same in this case as in its predecessors; all the fácts necessary to support the claims before us now were pleaded, or could have been pleaded, in the first action commenced by Teltronics in the Southern District. This judgment was res judicata not only as to what was pleaded, but also as to what could have been pleaded. That was the holding of this Court on appeal from the dismissal of the second Southern District action. 642 F.2d 31, 35 (2d Cir.), cert. denied, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). New legal theories do not amount to a new cause of action so as to defeat the application of the principle of res judicata. See, e.g., id.; Chicot County v. Baxter State Bank, 308 U.S. 371, 375, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940); Schmieder v. Hall, 545 F.2d 768, 771 (2d Cir.1976), cert. denied, 430 U.S. 955, 97 S.Ct. 1601, 51 L.Ed.2d 805 (1977); Cleveland v. Higgins, 148 F.2d 722, 723 (2d Cir.), cert. denied, 326 U.S. 722, 66 S.Ct. 27, 90 L.Ed. 428 (1945).
We therefore hold that Beagan is bound by the several prior decisions adverse to Teltronics. We take care to point out that we hold only that Beagan, as an individual participant and leader at the epicenter of the previous corporate litigation, and a potentially substantial beneficiary should those suits have had a positive outcome, is bound by the adverse decisions as to the causes of action asserted in the previous suits.
We have examined the remainder of Beagan’s claims of error and find them to be without merit. The decision of the district court in No. 84-7522 is affirmed. Having above affirmed No. 84-5028, in sum we now affirm on these consolidated appeals both judgments of the district court.

. Ericsson is part of a group of affiliated Swedish and American corporations, the "Ericsson defendants.” The relationships among the various Ericsson defendants in this and the previous actions are described infra. All of the defendants in the previous actions are referred to as "Ericsson” herein, except where a distinction is relevant to the case before us.

. In affirming, we noted that Judge Knapp's dismissal of the first action operated as an adjudication on the merits, under Fed.R.Civ.P. 41(b). 642 F.2d at 34. Inasmuch as no attempt was made to amend the complaint, to appeal, or to seek relief under Fed.R.Civ.P. 60(b), that judgment was final, and was binding on the parties. Id. at 35.

. The propriety of this ruling is not presently before us. We note, however, that application of res judicata to bar the claim for equitable subordination may well have been inappropriate at that time, given the relatively less-developed state of the record as it then existed. See Heisser v. Woodruff, 327 U.S. 726, 741, 66 S.Ct. 853, 860, 90 L.Ed. 970 (1946) (Rutledge, J., concurring).

. At oral argument, counsel for Beagan represented that at present Beagan is a 15% shareholder in Teltronics. At the time the activities alleged herein took place, Beagan was the principal shareholder in Teltronics, holding approximately 20% of the outstanding common stock. Joint Appendix at 49.

. Beagan's contention that he did not “control” the prior actions so as to be bound by them is helied by the fact that he even now purports to bring claims for himself and on behalf of Tel-762 F.2d — 7 tronics, in spite of Judge Neaher’s injunction against his attempt to sue on behalf of the bankrupt estate.