SECURITIES AND EXCHANGE
COMMISSION, Appellee,

v.

Victor POSNER and Steven
N. Posner, Appellants,

and

Drexel Burnham Lambert, Inc.,
et al., Defendants.

No. 1438, Docket 93–6371.

United States Court of Appeals,
Second Circuit.

Argued Feb. 9, 1994.

Decided Feb. 24, 1994.

Kenneth W. Starr, Washington, DC (Laurence A. Urgenson, Jay P. Lefkowitz, and Kirkland & Ellis; Stuart Gordon, and Metzger, Hollis, Gordon & Mortimer, Washington, DC, on the brief), for appellants Victor Posner and Steven N. Posner.

Dennis J. Block, New York, NY (Irwin H. Warren, Greg A. Danilow, and Weil, Gotshal & Manges; Lawrence A. Blatte, and Rosen & Reade, New York, NY, on the brief), for appellants Victor Posner and Steven N. Posner.

Eric Summergrad, Washington, DC (Paul Gonson, Jacob H. Stillman, Judith R. Starr, and Lucinda P. Burwell, on the brief), for appellee.

Before: TIMBERS, MINER, and McLAUGHLIN, Circuit Judges.

TIMBERS, Circuit Judge:

Victor Posner and Steven N. Posner (the Posners) appeal from a judgment entered after a bench trial in the Southern District of New York, Milton Pollack, *Senior District Judge, SEC v. Drexel Burnham Lambert, Inc.*, 837 F.Supp. 587 (S.D.N.Y.1993), which (1) held that the Posners committed securities fraud and violated various provisions of the securities laws; (2) enjoined them from acting as officers or directors of any public company; (3) ordered them to place in a voting trust any securities they own in public

companies under their control; and (4) ordered them to disgorge any sums paid to them by the company over which they fraudulently acquired control.

On appeal, the Posners claim that they were denied a fair trial, that the Securities and Exchange Commission (SEC) failed by a preponderance of the evidence to prove any violation, that the officer and director bar should be vacated, and that the court erred in ordering them to disgorge income.

We reject the Posners' claims. We affirm.

### I.

We summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

Victor Posner and his son Steven, along with Drexel Burnham Lambert, Inc., were named as defendants in the 1988 SEC complaint regarding a "stock parking" scheme involving the Fischbach Corporation. The bulk of the case was resolved by the end of 1992, leaving only the case against the Posners. On December 1, 1993, following a four day trial in June, the court filed its opinion which concluded that the Posners had violated the federal securities laws in connection with their efforts to gain control of the Fischbach Corporation.

On December 29, 1993, the court entered a final judgment as stated above. The Posners moved for an expedited appeal and for a stay, pending appeal, of the bar provision of the judgment. On January 4, 1994, a panel of this Court denied the motion for a stay and granted the motion for an expedited appeal.

### II.

#### (A) FAIRNESS OF THE TRIAL

The Posners contend that the court's discovery rulings denied them their constitutional right to a fair trial. The court's discovery rulings should not be disturbed absent a "clear showing of abuse of discretion". *Robertson v. National Basketball Assoc.*, 622 F.2d 34, 36 (2 Cir.1980). We hold that the court did not abuse its discretion.

#### (B) SUFFICIENCY OF THE EVIDENCE

■ The Posners also contend that the SEC failed to prove any securities law violations by a preponderance of the evidence. The court's factual findings should be upheld unless clearly erroneous. *McNeil–P.C.C., Inc. v. Bristol–Myers Squibb Co.*, 938 F.2d 1544, 1550 (2 Cir.1991). We hold that the evidence was more than sufficient to support the district court's finding that the Posners violated the securities laws.

#### (C) THE COURT'S REMEDIAL DISCRETION

The Posners further contend that the officer and director bar should be vacated. They contend that the court erred in basing the injunction on the Securities Enforcement Remedies and Penny Stock Reform Act of 1990, Pub.L. No. 101–429, 104 Stat. 931 (codified as amended in scattered sections of 15 U.S.C.) (Remedies Act). They contend that, since the Remedies Act was enacted on October 15, 1990, its remedial provisions do not apply retroactively to the parking scheme here involved, which occurred in 1984 and 1985.

■ We need not reach the issue of the applicability of the Remedies Act, however, since the court relied on a viable, alternative basis for the injunction—its "general equitable powers" to fashion appropriate relief for violations of the federal securities laws. *SEC v. Drexel Burnham Lambert, Inc., supra,* 837 F.Supp. at 614. The court has broad equitable power in this area. *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1103 (2 Cir.1972) ("Once the equity jurisdiction of the district court has been properly invoked by a showing of a securities law violation, the court possesses the necessary power to fashion an appropriate remedy.").

The Posners have not met their "heavy burden" of demonstrating that the court abused its "broad discretion" in ordering the director and officer bar. *Id.* at 1100; *SEC v. Materia*, 745 F.2d 197, 200–01 (2 Cir.1984), *cert. denied*, 471 U.S. 1053 (1985). The court found that they had committed securities law violations with a "high degree of scienter" and that their past securities law violations

and lack of assurances against future violations demonstrated that such violations were likely to continue. *SEC v. Drexel Burnham Lambert, Inc., supra,* 837 F.Supp. at 611, 613. These findings amply support the court's conclusion that the officer and director bar was necessary to protect public investors.

The Posners seem to be shocked by what they see as the draconian remedy of eternal boardroom banishment. We intend our affirmance of Judge Pollack's judgment in this respect as a sharp warning to those who violate the securities laws that they face precisely such banishment. Of course, as the SEC points out, such bar orders are imposed routinely by consent decree.

We hold that the court's order enjoining the Posners from acting as officers or directors of any public company was within the court's well-established equitable power and that the court did not abuse its discretion in issuing the injunction.

### (D) DISGORGEMENT ORDER

The Posners also contend that the court erred in ordering them to disgorge income that they earned as officers and directors of Fischbach between 1986 and 1990. The court has broad discretion to tailor the sanction to the wrongful conduct involved. *SEC v. Manor Nursing Centers, supra,* 458 F.2d at 1100. But for their illegal conduct, the Posners would not have been in a position to plunder Fischbach. We hold that the court's disgorgement order was an appropriate sanction for the Posners' wrongful conduct and was not an abuse of discretion.

### III.

To summarize:

The Posners received a fair trial. The evidence was sufficient to support the court's judgment. The court had the power to enjoin the Posners from acting as corporate officers and directors. It did not err in requiring them to disgorge any sums paid to them by the company over which they fraudulently acquired control.

Affirmed.