101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
Estate of George HIRSHBERG, Alan Hirshberg, Walter Herzberg,
Saul Listokin, Norman Stein, David Lev, Defendants,
Israel G. Grossman, Defendant-Appellant.
 No. 95-6227.
 United States Court of Appeals,
Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANT:Israel G. Grossman, New York, New York, pro se.
 APPEARING FOR APPELLEE:Ross A. Albert, Special Counsel, Securities and Exchange Commission, Washington, D.C.
 S.D.N.Y.
 AFFIRMED.
 PRESENT: HONORABLE WILFRED FEINBERG, RICHARD J. CARDAMONE, and J. DANIEL MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 Defendant-appellant Israel G. Grossman appeals pro se from a judgment entered June 27, 1995 that granted summary judgment in favor of plaintiff-appellee Securities and Exchange Commission and permanently enjoined Grossman from future violations of the federal securities laws. We affirm substantially for the reasons stated in the memorandum opinion and order of the district court. See SEC v. Grossman, 887 F.Supp. 649 (S.D.N.Y.1995). We add only that: (1) this Court has previously considered and rejected Grossman's argument that United States v. Chestman, 947 F.2d 551 (2d Cir.1991) (in banc), cert. denied, 503 U.S. 1004 (1992), effected a change in the law applicable to his conduct, see Grossman v. United States, 978 F.2d 706 (2d Cir.1992) (table), cert. denied, 507 U.S. 1000 (1993); (2) given the factual record developed in Grossman's criminal trial, the district court was not required to hold an evidentiary hearing before imposing injunctive relief; and (3) the district court's issuance of a permanent injunction was not an abuse of discretion, see SEC v. Posner, 16 F.3d 520, 521-22 (2d Cir.1994), cert. denied, 115 S.Ct. 724 (1995).