SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

Paul J. MONTLE Defendant–Appellant.

Docket No. 01–6163.

United States Court of Appeals, Second Circuit.

Dec. 9, 2002.

Christopher Paik, Special Counsel, (Meyer Eisenberg, Deputy General Counsel, David M. Becker, General Counsel, Jacob H. Stillman, Solicitor, on the brief), Securities and Exchange Commission, Washington, D.C., for Plaintiff–Appellee.

Paul A. Batista, New York, NY, for Defendant–Appellant.

Present: LEVAL, CALABRESI, and B.D. PARKER, Jr. Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Defendant Paul J. Montle appeals from the district court's (Pollack, *J.*) entry of judgment, following a bench trial, in favor of the Securities and Exchange Commission ("SEC"), on civil claims the SEC brought pursuant to § 10(b) of the Securities Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5; § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); §§ 13(b)(5) & (b)(2) of the Exchange Act, 15 U.S.C. §§ 78m(b)(5) & (b)(2), and Rule 13b2–1 thereunder, 17 C.F.R. § 240.13b2–1; § 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b–20, 13a–1, and 13a–13, 17 C.F.R. §§ 240.13a–1, 240.13a–13, and 240.12b–20 thereunder; and § 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). The district court's judgment (1) enjoined Montle from violating the securities laws at issue; (2) ordered him to disgorge $187,459.25 in gains plus another $177,633 in prejudgment interest; (3) entered a civil fine of $50,000; and (4) barred Montle for a period of five years from serving in designated capacities through which he might commit similar securities law violations. Montle challenges the district court's finding of liability on each count, and the remedy it chose.

## BACKGROUND

The SEC's claims pertain to three business ventures that Montle pursued, using publicly traded corporations, in 1992–1993. One was the marketing of an HIV-testing product, the next was the purchase and financing of a Colorado casino, and the third was the acquisition, through a "shell" corporation, of a partnership formed to salvage relics from the sunken vessel, the Titanic.

## DISCUSSION

"In reviewing a district court's decision in a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*. Mixed questions of law and fact are likewise reviewed *de novo*." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir.2001) (citation omitted). We review for abuse of discretion a district court's order of equitable relief. *See, e.g., Davis v. New York City Hous. Auth.*, 278 F.3d 64, 79 (2d Cir.2002) (permanent injunction); *SEC v. Wang*, 944 F.2d 80, 85 (2d Cir.1991) (disgorgement); *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir.1996) (prejudgment interest); *SEC v. Posner*, 16 F.3d 520, 521 (2d Cir.1994) (officer or director bar).

Having carefully studied the voluminous record and the applicable law, we conclude that the court below handled this case in a typically capable fashion. We find no clear error of fact or mistake of law, and the relief ordered lay well within the permissible range of discretion. Having considered all of the defendant's arguments, we affirm the decision of the district court, substantially for the reasons that it gave.

The judgment of the district court is AFFIRMED.