SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,

v.

Mark B. LEFFERS, Patrick A. Grotto, Defendants–Appellants,

Jon M. Bloodworth, Defendant.

Nos. 07–0594–cv (L), 07–0596–cv (con).

United States Court of Appeals, Second Circuit.

Aug. 12, 2008.

**450**

Christopher Paik, Special Counsel, Securities and Exchange Commission (Brian G. Cartwright, General Counsel, Andrew N. Vollmer, Deputy General Counsel, Jacob H. Stillman, Solicitor, and Randall W. Quinn, Assistant General Counsel, on brief), Washington, D.C., for Plaintiff–Appellee.

Patrick A. Grotto, New York, N.Y., pro se.

Mark B. Leffers, Queenstown, MD, pro se.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. PETER W. HALL, Circuit Judges, Hon. DAVID G. TRAGER, District Judge.*

### SUMMARY ORDER

Defendants–Appellants, Patrick A. Grotto and Mark B. Leffers, appeal from an October 2006 judgment of the United States District Court for the Southern District of New York (Lynch, J.) granting the Securities and Exchange Commission's (SEC) motion for summary judgment finding Grotto and Leffers liable for violations of Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 thereunder. As a result, civil judgments were entered against Grotto and Leffers in the

form of injunctive relief, disgorgement of profits earned by the defendants through the fraudulent conduct at issue, and monetary penalties. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

On appeal, defendants contest the district court's ruling (1) that they were collaterally estopped from arguing a "good faith reliance on the advice of counsel" defense as a result of an earlier bench trial in California state court; (2) that the applicable five-year statute of limitations in 28 U.S.C. § 2462 did not bar the SEC from pursuing the suit; and (3) that they were summarily subject to civil penalties and enjoined from acting as officers or directors of any issuer of a class of securities registered pursuant to Sections 12 or required to file reports pursuant to 15(d) of the Exchange Act.

This Court reviews *de novo* a district court's decision regarding the offensive use of non-mutual collateral estoppel. *See Faulkner v. Nat'l Geographic Enters. Inc.,* 409 F.3d 26, 34 (2d Cir.2005). The collateral effect of a state court judgment in a federal court must be determined under the deciding state's law of preclusion. *See Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In California, a party asserting collateral estoppel against another must show that: (1) there is identity between the party sought to be precluded and the relevant party in the prior case; (2) the relevant issues are identical; (3) the relevant issues were actually litigated in the prior proceeding; (4) the relevant issues were necessarily decided in the prior case; and (5) the decision in the prior case is final and on the merits. *See Lucido v. Superior Court,* 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990).

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

■ Grotto and Leffers argue that the district court erred in concluding that they were estopped from pursuing the affirmative defense of good faith reliance on counsel. They argue that the applicability of this defense was not actually litigated and necessarily decided in the prior California action. The good faith reliance defense is available when the person asserting it can show that (i) he made a complete disclosure of the relevant facts to counsel; (ii) he received advice from counsel that the conduct in question was legal; and (iii) he relied on that advice in good faith. *See Markowski v. SEC*, 34 F.3d 99, 104–05 (2d Cir.1994). The California court found that the defendants materially assisted in the securities violations with an intent to deceive or defraud, intended to deceive investors, and had knowledge of and participated in the fraudulent scheme. Thus, the California court's findings, necessary to the resolution of the California fraud suit, implicitly but necessarily, rejected any defense of good faith reliance on counsel.

At oral argument, Grotto and Leffers also contested that they were on notice of the California case. The record, however, demonstrates that they received notice of the California trial and participated in pretrial activities. As discussed at oral argument, notwithstanding the fact that they knew the California case had not yet settled, they did not participate in the trial itself. Having been properly put on notice of the California suit, Grotto and Leffers cannot now claim they lacked notice simply because they chose not to track the progress of that suit, nor can they claim that they were not given a full and fair opportunity to litigate the issues. Thus, we have considered generally whether Grotto and Leffers had adequate notice of the California suit and specifically whether the decision in that suit precluded their good faith reliance defense. We find that the offensive use of collateral estoppel in the present suit was proper as Grotto and Leffers were on notice of the California suit during which the relevant issues relating to their conduct were fully litigated and decided on the merits.

■ Although this Circuit has not held that SEC enforcement actions are subject to the five-year catch-all statute of limitations in 28 U.S.C. § 2462, *see P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 103 n. 6 (2d Cir.2004), even assuming that limitations period does apply, the SEC's enforcement action here would not violate it because all of the conduct alleged fell within five years of the filing of the complaint. The sales underlying the Section 10(b) violations occurred between June 27, 2000 and June 30, 2000, and are therefore clearly within the assumed five-year statute of limitations. The Section 17(a) violations, Grotto and Leffers argue, would have occurred on May 24, 2000 when the last amendment to the registration statement was filed. They neglect to consider, however, that the registration statement, though filed on May 24, 2000, did not become effective until June 26, 2000, with the relevant sales occurring between June 27 and June 30, 2000. The language of Section 17(a) makes it "unlawful for any person in the *offer or sale* of any securities ... to employ any devise, scheme, or artifice to defraud...." 15 U.S.C. § 77q(a) (emphasis added). The operative act, triggering the limitations period, therefore, is not limited to the filing of the registration statement, as defendants contend, but instead occurs the earliest on the effective date of the offer and arguably continues through the time of the actual sales. Here, the earliest triggering for the Section 17(a) violations was June 26, 2000, the date the registration statement, and thereby the offer, became effective. The SEC complaint was filed on June 24, 2005. Therefore as to both the Section 10(b) violation and the Section 17(a) violations the complaint was timely.

▮ Grotto and Leffers also challenge the civil penalties imposed and the injunction barring them from serving as officers or directors of any issuer whose securities are registered pursuant to Section 12 or required to file reports pursuant to 15(d) of the Exchange Act. This Court reviews the remedies ordered by the district court for an abuse of discretion. *See Advance Pharm., Inc. v. United States,* 391 F.3d 377, 398 (2d Cir.2004) (civil penalties); *SEC v. Posner,* 16 F.3d 520, 521 (2d Cir. 1994) (officer and director bar). In its final judgment, the district court prohibited the defendants from serving as an officer or director of a registered company pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), based on the Section 10(b) violation. Section 21(d)(2) provides that an individual who violates Section 10(b) may be prohibited from serving as an officer or director "if the person's conduct demonstrates unfitness to serve as an officer or director" of a registered issuer.[1] 15 U.S.C. § 78u(d)(2). In *SEC v. Patel,* 61 F.3d 137 (2d Cir.1995), this Court noted several factors which might be considered by a district court in resolving the issue of whether an individual's conduct makes him or her unfit to serve as an officer or director. *Id.* at 141. In reviewing those factors and considering the facts before the district court, we cannot say that the district court exceeded the bounds of its discretion in granting a permanent injunction barring the defendants from serving as officers or directors of a registered issuer.

▮ Additionally, the district court ordered disgorgement of the profits earned by Grotto and Leffers as a result of the conduct alleged, and it imposed a civil penalty in an amount equal to the disgorged profits pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). We find that there are sufficient facts within the record on which to review the imposition of penalties, *see Tekkno Labs., Inc. v. Perales,* 933 F.2d 1093, 1097 (2d Cir.1991), and we do not find that the district court abused its discretion in imposing a penalty in an amount equal to the pecuniary gain, an appropriate sum even in the lowest tier of the penalty structure, *see* 15 U.S.C. § 77t(d); 15 U.S.C. § 78u(d)(2).

We have considered appellants' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

▮

---

1. Prior to a 2002 amendment to Section 21(d)(2) in the Sarbanes–Oxley Act, a court could bar a defendant from serving as an officer or director of a public company if his conduct showed "substantial unfitness" to serve in such capacities. 15 U.S.C. § 77u(d)(2) (2000).

