SUMMARY ORDER
Defendant-Appellant Michael C. Mulca-hey (“Mulcahey”) appeals from a November 21, 2006 final judgment of the United States District Court for the Southern District of New York (Castel, J.). We assume the parties’ familiarity with the underlying facts and procedural context of the case.
Mulcahey was a Vice President and Assistant Treasurer at Adelphia Communications Corporation (“Adelphia”), a public cable television company. The Securities and Exchange Commission (“SEC”) brought this enforcement action against Mulcahey and Adelphia officers and directors John J. Rigas, Timothy J. Rigas, James P. Rigas, Michael J. Rigas, and James R. Brown in connection with Adelp-hia’s bankruptcy.[1] This appeal concerns only Mulcahey. After a bench trial, the district court determined Mulcahey had violated: 1) Section 10(b) of the Securities Exchange Act of 1934 (“Exchange Act”), 15 U.S.C. § 78j(b), Section 17(a) of the Securities Act of 1933 (“Securities Act”), 15 U.S.C. § 77q(a), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5; 2) Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5) and Exchange Act Rule 13b2-l, 17 C.F.R. § 240.13b2-l; 3) Exchange Act Rule 13b2-2, 17 C.F.R. § 240.13b2-2; and 4) Section 20(e) of the Exchange Act, 15 U.S.C. § 78t(e), by aiding and abetting Adelphia’s violations of Section 10(b) or, in the alternative, Sections 13(b)(2)(A) and (B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A) & (B). The district court imposed a permanent injunction against future securities law violations by Mulcahey or service by him as an officer or director of a public company. The court did not impose a disgorgement remedy because it found that Mulcahey did not profit from the fraud. The court did, however, fashion a unique remedy enjoining Mulcahey from “receiving anything of value, directly or indirectly” from John, Timothy, James, or Michael Rigas (the “Rigas-es”), their spouses, “any person who is within the third degree of relationship” of the Rigases or their spouses, or any entity more than 5% owned or controlled by any of these persons.
On appeal, Mulcahey argues that the evidence at trial was insufficient to prove he violated the securities laws; that the district court did not fully consider Mulca- *511 hey’s good faith as a defense; that the district court’s decision relied on impermissible variances from the pleadings and the record; that in order to reach its result on the aiding and abetting count, the district court necessarily had to decide that Mulcahey aided and abetted himself in committing the primary violation; and that the remedies imposed by the court were improper.[2] We disagree that the trial evidence was insufficient or that the district court failed to adequately consider Mulcahey’s “good faith,” or the district court relied upon facts or theories outside the complaint. We also reject Mulcahey’s contention that the district court’s determination with respect to Mul-cahey’s aiding and abetting violation was predicated upon his having aided and abetted his own primary violation. The district court concluded that Mulcahey aided and abetted Adelphia’s Section 10(b) violations, which included filing a Form 10-Q and issuing press releases that contained false or misleading information, when he created certain false documents. That he also directly violated other provisions of the securities laws by creating these documents does not preclude this result.
With respect to remedies, the district court properly imposed a lifetime injunction against Mulcahey’s future violations of the securities laws and a lifetime bar on his service as an officer or director of a public company. See SEC v. Commonwealth Chem. Secs., Inc., 574 F.2d 90, 99-100 (2d Cir.1978); SEC v. Patel, 61 F.3d 137, 141-42 (2d Cir.1995). However, although the court has “broad equitable power” to fashion an injunctive remedy, SEC v. Posner, 16 F.3d 520, 521 (2d Cir.1994), it was error to sua sponte bar Mulcahey’s employment by any of the Rigases or anyone “within the third degree of relationship” to the Rigases or their spouses.[3] The Rigases and their family have disgorged at least $715 million in connection with the Adelphia fraud. See In re W.R. Huff Asset Mgmt. Co., 409 F.3d 555, 557 (2d Cir.2005). There is no evidence that the Rigases are likely to pay Mulcahey with fraudulently obtained funds in the future, especially considering that they never did so in the past when they actually had access to substantial amounts of such funds. Moreover, a prohibition on Mulcahey’s employment by any individual — or any company partially owned, controlled, or run by any individual — within three degrees of relation to the Rigases or their spouses casts such a wide net that it might well prevent him from being able to make a living.
*512 Accordingly, for the reasons set forth above, that part of the injunctive relief prohibiting Defendant-Appellant from receiving anything of value from the Rigases or their relations is hereby VACATED, and the judgment of the District Court is otherwise AFFIRMED.

. The United States Attorney’s Office brought criminal charges in a separate action, which led to jury convictions for John and Timothy Rigas and guilty pleas by James Brown and Michael Rigas. Mulcahey was acquitted. See generally United States v. Rigas, 490 F.3d 208, 212-19 (2d Cir.2007) (summarizing the underlying fraud, criminal charges and defenses, and jury verdict).

. We review a district court's findings of fact following a bench trial under a "clearly erroneous” standard of review. See Fed.R. Civ.P. 52(a)(6) ("Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court’s opportunity to judge the witnesses’ credibility.”); Ceraso v. Motiva Enters., 326 F.3d 303, 316 (2d Cir.2003) ("The weight of the evidence is not a ground for reversal on appeal, and the fact that there may have been evidence to support an inference contrary to that drawn by the trial court does not mean that the findings are clearly erroneous.” (citations omitted)). A district court’s application of law to the facts is reviewed de novo. See Henry v. Champlain Enters., 445 F.3d 610, 617-18 (2d Cir.2006). Injunctions against future violations of securities laws, service as an officer or director of a publicly traded company, and other equitable relief for violations of federal securities laws are reviewed for abuse of discretion. See SEC v. Posner, 16 F.3d 520, 521-22 (2d Cir. 1994); cf. Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.” (citations and internal quotation marks omitted)).

. We note that the SEC neither sought nor defended this remedy.